IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

IN RE: The former marriage of

FAMILY DIVISION

ASHLEY D. KOZEL,

CASE NO. 2010DR8976NC

Former Wife,

and

TODD KOZEL,

Former Husband,

and

THE GOKANA TRUST, 3601 SETAI LLC, INGA KOZEL, 212 WEST 18 LLC,

Impleader Defendants.

_______________________________/

**FORMER WIFE'S MOTION FOR PERMISSION TO WITHDRAW FUNDS FROM ESCROW ACCOUNT AT THE REQUEST OF THE IRS AUDITOR**

The former wife, Ashley D. Kozel, hereby moves the court for permission to withdraw funds from the escrow account to comply with a request of the IRS auditor that amended returns, and the payments associated therewith, for the years 2013 and 2014 be filed and in support thereof, states as follows:

1. The Court's final judgment required the former husband to place $3,850,000 into an escrow account.

2. The Court's final judgment also required the former wife to place into an escrow account funds received from amending her 2012 tax return based upon the corrected basis letter that the court ordered the former husband to provide.

3. The former wife received notice that she would be receiving a refund check shortly before the hearings on the motions to stay and for contempt, which fact was disclosed to the court. The check was ultimately received on or about the day of the hearing.

4. The check was deposited into a Morgan Stanley account and all funds remain in that Morgan Stanley account.

5. The former wife previously filed a motion that requests that the court allow the "escrow" referred to in the final judgment to be a Morgan Stanley account, which is where the financial advisor "Richard Williams" works – he was a witness at the trial. The motion was accompanied by an affidavit by Professor Gregg Polsky in which he explained to the court that even though the refund check had been received, the amended return was still subject to audit by the IRS and that the receipt of the funds in no way foreclosed the IRS from seeking return of those funds in whole or in part.

6. Since filing that motion and affidavit, the former wife has been notified by the IRS that she is now under audit based upon the 2012 amended tax return. The audit is for 2012, 2013 and 2014.

7. The IRS auditor is aware that the former wife claims she is due a refund for 2012, but the same change in "tax basis" that justifies a refund for 2012 requires an amendment of her 2013 and 2014 tax returns and then payments of additional taxes for 2013 and 2014.

8. The IRS agent has recently requested, and the former wife has agreed as part of the audit, that the 2013 and 2014 amended returns be filed and that the payments necessitated thereby be made.

9. The former wife requests permission to use funds from the escrow account for these payments at this time.

10. The amount of the payments are $163,183 for 2013 and $417,357 for 2014.

11. Additional payments associated with the audit and the amended returns may be needed hereafter.

12. The former wife continues to incur attorney's fees and costs caused by the former husband's delivery to her of incorrect basis information in 2012 which incorrect basis information led to post-judgment proceedings, a trial, a ruling by the court, amended returns, and now an audit.

13. The former wife seeks all fees and costs associated with the incorrect basis information from the former husband in an amount to be determined at a future date.

WHEREFORE, the former wife seeks the foregoing relief.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Florida E-Portal system on this 27 day of May, 2016, which will send an electronic filing to: service@fostermorales.com **Dori Foster-Morales, Esq.**, Foster-Morales Sockel-Stone LLC, Attorneys for Former Husband, Museum Tower, 150 W. Flagler Street, Penthouse II, Suite 2950, Miami, Florida 33130; jose.casal@hklaw.com, **Jose A. Casal, Esq.**, Holland & Knight, LLP, Co-Counsel for Former Husband, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131; schwartz@kolawyers.com, **Fred A. Schwartz, Esq.**, Kopelowitz Ostrow Ferguson Weiselberg, Attorneys for 212 West 18 LLC, 200 E. Palmetto Park Road, Suite 103, Boca Raton, Florida 33432; andyhall@hlhlawfirm.com pleadings@hlhlawfirm.com, **Andrew C. Hall, Esq.**, Hall, Lamb and Hall, P.A., Attorneys for 3601 Setai LLC and Gokana Trust, 2665 So. Bayshore Drive, PH1, Miami, Florida 33133; and ryan.owen@arlaw.com, **Ryan W. Owen, Esq.**, Adams and Reese, LLP, Attorneys for Inga Kozel, 1515 Ringling Boulevard, Suite 700, Sarasota, Florida 34236.

Respectfully submitted,

**GROSSMAN, ROTH & PARTRIDGE**
William Partridge, Fla. Bar No. 183140
1800 2nd Street, Ste. 777
Sarasota, Florida 34236-5994
Telephone: (941) 365-8666
Fax: (941) 316-0963
*Co-Counsel for Former Wife*

and


**FISHER & BENDECK, P.L.**
501 So. Flagler Drive, Suite 450
West Palm Beach, Florida 33401
Telephone: (561) 832-1005
Fax: (561) 820-9375
eservice@fisherbendeck.com
*Attorneys for Former Wife*

By:______________________________
Jeffrey D. Fisher
Florida Bar No. 326941
Zachary R. Potter
Florida Bar No. 0064430