IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

IN RE: The Former Marriage of

ASHLEY D. KOZEL,

        Former Wife,

and

TODD KOZEL,

        Former Husband.

_____/

FAMILY DIVISION

CASE NO. 2010DR8976NC

**FORMER WIFE, ASHLEY KOZEL'S AMENDED MOTION
FOR PROCEEDING SUPPLEMENTARY AND/OR
TO IMPLEAD THIRD PARTIES AND FOR OTHER RELIEF**

The former wife, Ashley D. Kozel, hereby moves the court to commence proceedings supplementary and/or to implead third parties and for other relief, and in support thereof states as follows:

1.     This court has previously entered an amended final judgment in favor of Ashley Kozel and against Todd Kozel in the amount of $34,611,702.00, not including the $3.85 million the former husband was ordered to pay into an escrow account. These amounts do not include attorney's fees and costs, nor does it include interest, which is accruing daily.

2.     The former husband has not paid $1.00 toward the final judgment. Likewise he has not paid $1.00 into the escrow account.

3.     The former wife holds an unsatisfied judgment and an unsatisfied judgment lien in this case in the amount of $34,611,702.00 plus interest, which judgment and the associated writ of execution is valid and outstanding. Therefore, under Florida Statute § 56.29, the former wife is entitled to proceedings supplementary to execution.

4.      The former husband has made gifts, transfers, conversions, assignments and other conveyances of real and personal property to delay, hinder, or defraud the former wife. Under Florida Statute § 56.29 and under Chapter 726 of the Florida Statutes, the court should find and order that the gifts, transfers, assignments and other conveyances are void and/or void *ab initio*.

5.      To the extent necessary to provide complete relief, the court should implead third parties, including, but not limited to, the former husband's current wife, Inga Kozel ("Inga"), 212 West 18 LLC, 3601 Setai LLC, the Gokana Trust, Emeralp Trust Limited, and/or such other trusts, LLCs, and persons and entities holding Todd Kozel's assets and/or that have been the recipients of fraudulent transfers and/or who participated in the scheme to defraud the former wife, including Deepdene Ltd.  In that regard, the court should enter a money judgment against any initial or subsequent transferee irrespective of whether the transferee has retained the property and/or authorize the seizure and/or sale of the property so transferred to be applied toward the satisfaction of the judgment debt. The former wife seeks all remedies at law or at equity available from this court against all responsible parties.

6.      The court has the authority to provide the above-described relief pursuant to, *inter alia*, § 56.29(9), Fla. Stat., which states:

> The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments against any impleaded defendant irrespective of whether such defendant has retained the property[.]

7.      Proceedings supplementary to implead third parties are needed because the former husband, with the assistance of his current wife Inga, the Gokana Trust, Markus Hugelshofer, and affiliated entities, are acting in concert and in a conspiracy to defraud the former wife as a creditor and to undermine this court's authority to enforce its final judgment and asset injunction.

8.      Discovery in aid of execution is proceeding and the former wife reserves the right to supplement and amend this motion, but the discovery to date shows the facts set forth below.

9.      At a time that the former husband was being sued by the former wife for millions of dollars, the former husband and his current wife Inga, contracted to buy a $12.75 million condominium in New York. The condominium is commonly known as Unit 14CD at the Walker Tower. At the closing, rather than taking title in his own name, or in his name with his current wife, the former husband placed title to Unit 14CD in the name of an entity known as 212 West 18 LLC. (hereafter "212"), which LLC is owned and controlled by the Former Husband's alter ego, the Gokana Trust. This action was taken to hinder, delay or defraud the former wife as a creditor.

10.     Unit 14CD at the Walker Tower is the property of the judgment debtor, Todd Kozel. Alternatively, 212 is the property of the judgment debtor, Todd Kozel. Alternatively, 212 is an initial or subsequent transferee of property of the judgment debtor, Todd Kozel. Title to the New York condominium, Unit 14CD at the Walker Tower, was placed in the name of 212 to disguise its true ownership by Todd Kozel.

11.     Todd Kozel claims that 212 is owned by the Gokana Trust. But, the Gokana Trust is owned and/or controlled directly and indirectly by Todd Kozel, the judgment debtor, and the Gokana Trust is his alter-ego. The property of the Gokana Trust is the property of the judgment debtor, Todd Kozel, and the Gokana Trust is an initial or subsequent transferee of property of the judgment debtor.

12.     After this court entered the amended final judgment, the court entered a comprehensive asset injunction prohibiting the former husband from alienating any real or

personal property, directly or indirectly. The injunction expressly applies to GKP stock and "any other assets" owned by the Gokana Trust.

13.     The injunction was entered on September 11, 2015. At a time that the asset injunction was in effect, the Gokana Trust attempted to sell the 212 West 18 LLC membership units to a Belize entity. The court should find that any attempted sale, transfer, pledge, encumbrance or other transaction involving the 212 West 18 LLC units is void. The court should find that the former husband owns and controls 212 West 18 LLC (and the underlying real estate) and should enter a judgment against 212 West 18 LLC and/or the Gokana Trust. The court should use its broad remedies under Fla. Stat. § 56.29 to afford the former wife relief, including relief in the State of New York, if needed. The court should also hold the former husband in civil contempt and/or in indirect criminal contempt for his willful and intentional violation of this court's asset injunction.

14.     There is another entity known as the 3601 Setai LLC that should be impleaded. It owns or owned a condominium unit at the Setai in Miami Beach, Florida commonly known as Unit 3601. Unit 3601 and the LLC that owns it are worth millions of dollars.

15.     At a time that the former husband was being sued by the former wife for millions of dollars, the former husband and his current wife Inga, contracted to buy Unit 3601.   At the closing, rather than taking title in his own name, or in his name with his current wife, the former husband placed title to Unit 3601 in the name of an entity known as 3601 Setai LLC. ("hereafter "3601"). This action was taken to hinder, delay or defraud the former wife as a creditor.

16.     Unit 3601 at the Setai is the property of the judgment debtor, Todd Kozel. Alternatively, 3601 is the property of the judgment debtor Todd Kozel. Alternatively, 3601 is an

initial or subsequent transferee of property of the judgment debtor Todd Kozel. Title to Unit 3601 at the Setai was placed in the name of 3601 to disguise its true ownership.

17.    Todd Kozel claims that 3601 is owned by the Gokana Trust. But, the Gokana Trust is owned and/or controlled directly and indirectly by Todd Kozel, the judgment debtor, Todd Kozel, and is his alter-ego. The property of the Gokana Trust is the property of the judgment debtor, and the Gokana Trust is an initial or subsequent transferee of property of the judgment debtor. The court should enter a judgment against 3601 Setai LLC and/or the Gokana Trust, and/or against a sham intermediary known as Deepdene LTd.. The court should enter a charging order, and/or order the LLC units sold at auction, and/or set aside the purported transfer of title to the realty, and/or order return of the sale proceeds and/or should enter such further orders that are just and appropriate. To the extent the membership units and/or any assets of 3601 Setai LLC have been transferred, the court should void any such transfers and/or order return of the sale proceeds. All relief under Fla. Stat. § 56.29 is requested.

18.    In addition, at a time he was being sued by the former wife, the former husband gifted, transferred, assigned or otherwise conveyed, directly and indirectly, millions of dollars in cash, real estate, and personal property to Inga. While discovery is ongoing, the transfers to Inga include, but are not limited to:

      a.      Real property in Lithuania worth millions of dollars;

      b.      $1.5 million in jewelry from "Graff" in New York;

      c.      Over $1 million in jewelry and personal effects from other vendors;

      d.      Cash in excess of $1 million;

e.   Interests in the 212 and 3601 LLC's membership units discussed above and the associated real estate (which fraudulent transfers were orchestrated in the State of Florida by the LLCs); and,

f.   Other real and personal property that was both directly and indirectly transferred to her.

19.   The gift, transfer, assignment or other conveyance and/or placement of property in the name of Inga is designed to hinder delay and defraud the former wife as a creditor.

20.   All of the property held by Inga Kozel is in actuality the property of the judgment debtor, Todd Kozel. Alternatively, Inga Kozel is an initial or subsequent transferee of property of the judgment debtor Todd Kozel.  Title to property belonging to the judgment debtor Todd Kozel was placed in the name of Inga Kozel to disguise its true ownership

21.   Likewise, these transfers constitute the tort of conversion of assets of the former wife, i.e., the former wife had a clear legal right of possession of the property at the time of the conversion, Inga converted the property by a wrongful act or disposition of the former wife's property rights, and the former wife was damaged thereby.

22.   All transfers to Inga Kozel should be set aside as void *ab initio*, and/or a money judgment should be entered against her, and/or such other relief as is just and appropriate should be afforded to the former wife.

23.   The court should also grant such other relief as is necessary, including further injunctive relief and/or the appointment of a receiver, and/or contempt to give the judgment creditor, Ashley Kozel, full and complete relief.

24.   Should Inga Kozel, 212 West 18 LLC, and/or 3601 Setai LLC, the Gokana Trust and/or Deepdene Ltd. contest jurisdiction for any reason, the court should find that they are

subject to personal jurisdiction pursuant to F.S. § 48.193(1)(a), and Florida law, due to acts that

subject them to the long arm jurisdiction of the court, including, but not limited to, the following:

- Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;

- Committing a tortious act or omission, including, but not limited to, conversion, within this state;

- Entering into an agreement and/or conspiracy with two or more other parties to commit a tortious act and/or omission within this state where one of the members of the conspiracy performed an overt act in pursuance of the conspiracy within this state and/or which resulted in an injury within this state;

- Causing injury to persons or property within this state arising out of an act or omission outside of the state by the impleaded party, directly and/or as the alter ego of the former husband;

- Owning, using, possessing, or holding a mortgage or other lien on real property within this state;

- Contracting to insure a person, property, or risk located within this state at the time of contracting;

- Breaching a contract in this state by committing an act in contravention of the contract in this state and/or failing to perform acts required by the contract to be performed in this state either directly or as the alter ego of the former husband;

- Entering into contracts, agreements, and/or undertakings, directly or indirectly, for which a choice of law of Florida, in whole or in part, has been made wherein the person and/or entity residing or located outside this state agreed to submit to the jurisdiction of the courts of this state, which contracts, agreements, and/or undertakings are in consideration of, or relating to, an obligation arising out of a transaction(s) involving in the aggregate not less than $250,000, either directly and/or as the alter ego of the former husband;

- Selling, consigning or leasing by various means and/or by any means whatsoever tangible or intangible personal property to persons, firms or corporations in the State of Florida; and/or,

- Violating the injunctions and orders of this court in active concert or participation with the former husband while on actual notice of the injunctions and/or orders.

38.   This Court also has general personal jurisdiction over the impleaded parties pursuant to F.S. § 48.193(2) because they are each engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, whether or not the claims herein arise from that activity and because they are the alter ego of Todd Kozel whose acts in Florida, directly and indirectly, constitute the acts of the impleaded parties.   Therefore, the court's jurisdiction over Todd Kozel constitutes jurisdiction over the impleaded parties.

WHEREFORE, the former wife moves this court for the relief set forth above, and such further relief as this court deems just and equitable, plus an award of attorney's fees and costs.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Florida E-Portal system, which will send an electronic filing to: service@fostermorales.com **Dori Foster-Morales, Esq.**, Foster-Morales Sockel-Stone LLC, Museum Tower, 150 W. Flagler Street, Penthouse II, Suite 2950, Miami, Florida 33130; jose.casal@hklaw.com, **Jose A. Casal, Esq.**, Holland & Knight, LLP, Co-Counsel for Former Husband, 701 Brickell Avenue, Suite 3300, Miami, FL 33131; schwartz@kolawyers.com, **Fred A. Schwartz, Esq.**, Kopelowitz Ostrow Ferguson Weiselberg, Attorneys for 212 West 18 LLC (and representation of Inga Kozel pending), 200 E. Palmetto Park Road, Suite 103, Boca Raton, FL 33432; and andyhall@hlhlaw.com and andyhall@andyhall.com, **Andrew C. Hall, Esq.**, Hall Lamb & Hall, P.A., Attorneys for The Gokana Trust and 3601 Setai LLC, 2665 South Bayshore Drive, PH 1, Miami, Florida 33133-545, on this 13 day of January 2016.

Respectfully submitted,

**GROSSMAN, ROTH & PARTRIDGE**
William Partridge, Fla. Bar No. 183140
1800 2nd Street, Ste. 777
Sarasota, Florida 34236-5994

Telephone:  (941) 365-8666
Fax:  (941) 316-0963
*Co-Counsel for Former Wife*

and

**FISHER & BENDECK, P.L.**
501 So. Flagler Drive, Suite 450
West Palm Beach, Florida 33401
Telephone:  (561) 832-1005
Fax:  (561) 820-9375
eservice@fisherbendeck.com
*Attorneys for Former Wife*

By: _____
    Jeffrey D. Fisher
    Florida Bar No. 326941
    Zachary R. Potter
    Florida Bar No. 0064430