IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, STATE OF FLORIDA

CASE NO. 2010DR8976NC

IN RE:  THE FORMER MARRIAGE OF

ASHLEY KOZEL,

            Former Wife,

and

TODD KOZEL,

            Former Husband,

and

GOKANA TRUST, 3601 SETAI, LLC,
INGA KOZEL, 212 WEST 18, LLC,

_____/

            Impleader Defendants.

TRANSCRIPT OF PROCEEDINGS
BEFORE HON. NANCY DONELLAN
Volume 1
Pages 1 through 43

Wednesday, March 30, 2016
9:56 a.m. - 10:48 a.m.
2002 Ringling Boulevard, Courtroom 6A
Sarasota, Florida

Stenographically Reported By:
KEVIN P. MIKUS, RMR
Registered Merit Reporter

2

```
1          A P P E A R A N C E S
2
3   On behalf of the Former Wife:
        FISHER & BENDECK, P.L.
4       501 South Flagler Drive, Suite 450
        West Palm Beach, Florida  33401
        jfisher@fisherbendeck.com
5       BY:  JEFFREY D. FISHER, ESQUIRE
6
7       GROSSMAN, ROTH & PARTRIDGE
        1800 Second Street, Suite 777
        Sarasota, Florida  34236
8       wep@grossmanroth.com
        BY:  WILLIAM PARTRIDGE, ESQUIRE
9
10  On behalf of the Former Husband:
        FOSTER-MORALES SOCKEL-STONE, LLC
11      Museum Tower, Suite 2950
        150 West Flagler Street, Penthouse II
12      Miami, Florida  33130
        305.577.0090
13      lindsay@fostermorales.com
        BY:  LINDSAY GUNIA, ESQUIRE (VIA TELEPHONE)
14
15      HOLLAND & KNIGHT, LLP
        701 Brickell Avenue, Suite 3300
16      Miami, Florida  33131
        305.789.7713
17      jose.casal@hklaw.com
        BY:  JOSE A. CASAL, ESQUIRE (VIA TELEPHONE)
18
19  On behalf of 212 West 18 LLC:
        KOPELOWITZ OSTROW FERGUSON WEISELBERG
20      200 East Palmetto Park Road, Suite 103
        Boca Raton, Florida  33432
21      561.910.3070
        schwartz@kolawyers.com
22      BY:  FRED A. SCHWARTZ, ESQUIRE
23
24
25
```

3

```
1          APPEARANCES CONTINUED
2
       On behalf of Inga Kozel:
3       ADAMS AND REESE, LLP
        1515 Ringling Boulevard, Suite 700
4       Sarasota, Florida  34236
        941.316.7600
5       ryan.owen@arlaw.com
        BY:  RYAN W. OWEN, ESQUIRE
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

4

```
1          INDEX OF PROCEEDINGS
2                              Page
3   HEARING BEFORE HON. NANCY DONELLAN
4   Proceedings                  5
5
6
7   Certificate of Reporter            43
8
9
10          EXHIBITS
11
    Number     Description          Page
12
13
14
          NO EXHIBITS MARKED
15
16
17
18
19
20
21
22
23
24
25
```

5

```
1          PROCEEDINGS
2       THE COURT:  Please be seated.  Are you
3   prepared?
4       MR. PARTRIDGE:  Yes, Your Honor.
5       MR. FISHER:  Yes, Your Honor.
6       MR. OWEN:  Yes, Your Honor.
7       THE COURT:  I didn't mean to insinuate that you
8   weren't, but we can proceed.  I believe we have to
9   call Ms. Morales.
10      MR. FISHER:  Judge, I think the first motion
11  that was specially set for today is counsel's motion
12  to strike service.  And hers is sort of an add-on
13  later, so I would like to proceed with the service
14  issue first, Your Honor.
15      THE COURT:  She is having trouble getting into
16  her computer, but I don't think it's going to hold
17  us up.  So you may proceed.
18      MR. OWEN:  Your Honor, I think Mr. Kozel has a
19  right to participate in today's hearing, even though
20  it's not his motion, and if Ms. Foster-Morales wants
21  to be on the telephone we should go ahead and
22  conference her in so she can listen.
23      MR. FISHER:  I don't object, Your Honor.
24      THE COURT:  Okay.
25      MR. SCHWARTZ:  Your Honor, I apologize.  I
```

2 (Pages 2 to 5)

**6**

1  walked in a minute or two late. Fred Schwartz. I
2  represent 212 West.
3      THE COURT: Announce your appearance, please.
4      MR. OWEN: Ryan Owen, Adams and Reese
5  representing Inga Kozel.
6      MR. FISHER: And Jeff Fisher for Ashley Kozel.
7      MR. PARTRIDGE: And Bill Partridge as
8  co-counsel for Ms. Kozel.
9      THE COURT: This is Judge Donellan.
10     MR. CASAL: Good morning, Judge Donellan. This
11  is Jose Casal from the firm of Holland & Knight on
12  behalf of Todd Kozel.
13     THE COURT: Good morning. Is Ms. Morales with
14  you?
15     MS. GUNIA: Ms. Morales will not be making the
16  call. She is on vacation so I will be standing in
17  for her.
18     MR. FISHER: She works with Ms. Foster-Morales.
19  Her name is Lindsey and I apologize on the last
20  name, Judge.
21     THE COURT: Would you say your name again,
22  please?
23     MS. GUNIA: I'm sorry. Lindsey Gunia, Your
24  Honor.
25     THE COURT: How do you spell your last name?

**7**

1      MS. GUNIA: G-u-n-i-a.
2      THE COURT: Okay, thank you.
3      All right. You may proceed.
4      MR. OWEN: Thank you, Your Honor. We have set
5  for hearing two motions today, the motion to quash
6  service of process upon Inga Kozel, and the motion
7  to strike a notice to produce and a notice to appear
8  at hearing.
9      Yesterday, late afternoon, Mr. Fisher's office
10  withdrew the notice to produce and the notice to
11  appear, so that is now moot. So the only motion
12  that we need --
13     THE COURT: Please say what you just said. I'm
14  sorry.
15     MR. OWEN: We had a motion to strike --
16     THE COURT: Right.
17     MR. OWEN: -- a notice to appear that was
18  directed to Inga Kozel directing her to appear at
19  next week's hearing on April 5th, and a notice for
20  Inga Kozel to produce certain documents at that same
21  hearing. Last night Mr. Fisher's office withdrew
22  both the notice to appear and the notice to produce.
23     THE COURT: Okay, thank you.
24     MR. OWEN: So we no longer need to go forward
25  on that issue.

**8**

1      MR. FISHER: I agree with that, Your Honor.
2      THE COURT: Okay, thank you.
3      MR. FISHER: She's been ordered to appear for a
4  deposition in New York by the New York court and we
5  will deal with issues that way. It's easier.
6      THE COURT: Okay.
7      MR. OWEN: The other motion that's set for
8  hearing this morning is a motion to quash service of
9  process. Now, that was filed in mid-February. And
10  since that time, opposing counsel has attempted and,
11  in fact, as of March 23rd has actually made personal
12  service on Inga Kozel. I made an offer to opposing
13  counsel yesterday saying I believe the motion is
14  moot. We recognize that she's been served and will
15  respond within 13 days. Opposing counsel said, I
16  disagree, I want to go forward on the merits. So I
17  am prepared to go forward on the merits if
18  Your Honor would like to.
19     THE COURT: Why do we have to, Mr. Fisher, if
20  she has been served?
21     MR. FISHER: Yes. Judge, I do not want to
22  waste the Court's time and I will do whatever
23  Your Honor wants to do with this, but I cannot sit
24  by and not bring to the Court's attention what has
25  gone on here on this motion and in general.

**9**

1      So we initiated proceedings supplementary in
2  November against Inga Kozel, and I have the case law
3  and I have given it to Your Honor, that it is a
4  summary expedited proceeding that's been liberally
5  construed to give relief to a judgment creditor. So
6  the first thing that happened was Todd Kozel, with
7  no standing, comes in and says don't issue
8  proceedings supplementary against Inga, you know,
9  for a bunch of reasons. And it took me
10  two-and-a-half months to get a hearing through
11  Your Honor, through no fault of Your Honor or
12  whatever, and we got in in January. And you said
13  this is a ministerial task and issue the order. So
14  we issued the order and we served her. We served
15  her over and over and over. Okay?
16     And now what's going on is having delayed it
17  January, February, March, we're effectively at
18  April. What counsel wants to do is say first the
19  service last week is the only good service, when, in
20  fact, we served her properly initially; and, second,
21  I want the Court to say it's moot because by ruling
22  it moot, instead of denying it, he's then going to
23  come in two weeks from now and file another motion.
24  And this time what he's going to say is now the
25  Court doesn't have jurisdiction over here but I

3 (Pages 6 to 9)

10

1  didn't raise that before and it's something that I
2  want to raise now to drag this thing out further.
3  And it's a bit of a quandary, okay?  I don't want to
4  take the Court's time -- this case has taken a lot
5  of the Court's time, I don't want to take the
6  Court's time unnecessarily.
7      So if counsel wants to say the motion is denied
8  and the Court does not have to rule on which service
9  is proper, but she has been properly served, okay,
10  then I will accept that because it has consequences.
11  That's the first thing.
12      If he wants it ruled moot, that doesn't work
13  for us because it effectively allows counsel to come
14  in and try to raise a whole bunch of new arguments
15  that I don't think should be allowed, first.
16      So if Your Honor wants to say they have
17  conceded she is properly served, I'm not going to
18  rule which one is proper or not, I'm just going to
19  deny the motion to quash service, I'm good with
20  that.
21      The next thing is, is that I'm -- Your Honor
22  sees what's going on.  Oh, I flew in our process
23  server from New York.  I have two process servers on
24  the phone in London.  I have a motion to take
25  telephone testimony that they refused to agree to,

11

1  so it's set for hearing today.
2      The expenses are astronomical.  And I'm not
3  talking about $10,000 like our brief says, I'm
4  talking about $30,000 or $40,000.  So I am asking
5  the Court to consider, because under Rule 57.105 the
6  Court can, on its own initiative, issue an order to
7  show cause why someone shouldn't be held for
8  sanctions and they can show cause why they
9  shouldn't.
10      And Counsel is a fine lawyer.  I like him very
11  much, but we have got one affidavit saying I live in
12  London and Lithuania and then in another affidavit
13  saying, No, I don't, and then another affidavit
14  saying, you know, that New York is where I live.
15  And what's going on here is terrible and it's wrong
16  and it's expensive and it's contrary to the rules.
17  And to come in the night before the hearing, while
18  I'm on a plane, saying, Oh, we'll concede it now,
19  it's wrong.
20      And the same thing is going to be happening
21  next week.  It's a microcosm of what's gone on here.
22  Because I guarantee you Todd Kozel is going to walk
23  into court next week and say, Well, here's my child
24  support payment for the last three months, don't
25  hold me in contempt.  And by the way, I didn't give

12

1  you a whole bunch of records in the last six months
2  despite the court order but I got one last night
3  that Your Honor would be produced by October 19 and
4  I got it last night.  And this is just a microcosm
5  of what's going on.
6      MR. OWEN:  Your Honor, may we focus on the
7  issues at hand?
8      MR. FISHER:  So I would ask the Court, if
9  Your Honor wants to save time, let's deny -- let's
10  deny the motion to quash service, period.  We don't
11  need to go through all this.  And then I would ask
12  Your Honor to consider on its own initiative issuing
13  an order to show cause why these motions and
14  affidavits were filed and whether they were
15  supported by the necessary facts to establish the
16  claim and whether they were supported by the
17  application of the law to then existing facts
18  and then we can save some time.
19      MR. OWEN:  Your Honor, I'm happy to win.  I
20  don't have to be right.  So if the Court is inclined
21  just to deny the motion as moot as denied without
22  giving any reason, that's fine with me, provided
23  that we have the 13 days to respond, which would be
24  20 days from March 23rd.
25      MR. FISHER:  I'm not going to object to that.

13

1  I'm not going to object to 13 days.
2      THE COURT:  The Court is going to reserve on
3  the issue of sanctions and I'm very serious about
4  it.
5      MR. OWEN:  Your Honor, may I respond to that
6  argument?
7      THE COURT:  Yes.
8      MR. OWEN:  This same issue was raised in a
9  courtroom on Monday in New York where Ashley Kozel's
10  New York lawyers sought contempt proceedings against
11  my client based upon affidavits that she filed in
12  Lithuania, in New York and in Florida.  And at that
13  proceeding my client's New York counsel provided the
14  Court with this affidavit that explains that over
15  the last five-month period her residence has changed
16  and that the affidavit given in November was true,
17  the affidavit given in December was true and the
18  affidavit that was given in February is true.
19      THE COURT:  I'm not going into the substance of
20  the affidavit.  What I'm concerned about is the fact
21  that we're all here at great expense to bring a
22  process server down from New York and we come into
23  court and say, Okay, well, we agree she has been
24  served, whether what you're using may be relevant
25  when it comes to the fact that some sanctions may be

14

1  imposed. I'm just saying that I'm reserving on the
2  sanctions. Okay?
3      MR. OWEN: Which is fully within the Court's
4  right. What I want the Court to understand is
5  Mr. Fisher has come up here and attempted to poison
6  the well because his litigation strategy is if I say
7  it enough times it must be true. And I'm trying to
8  stick to the facts and the relevant issues that are
9  before the Court. And I understand that Mr. Fisher
10 does not like the due process clause of the
11 United States Constitution in providing my client
12 with her due process rights, but I think he's in the
13 wrong forum to complain about that and he should
14 perhaps be --
15     THE COURT: Now, wait a minute. Now maybe we
16 better go ahead with the hearing so the Court can
17 determine when she was served. I think we're going
18 to go ahead with the hearing.
19     Are you ready to proceed?
20     MR. OWEN: Yes, Your Honor.
21     THE COURT: Because I think that it's going to
22 make a difference. Do you agree that it's going to
23 make a difference if the Court finds that the
24 process served before was sufficient?
25     I'm sorry, when was the date that you're saying

15

1  she was served?
2      MR. OWEN: March 23rd.
3      THE COURT: Okay. So I think we should go
4  ahead and proceed.
5      MR. OWEN: Your Honor, I don't believe that it
6  makes a difference whether what date she was served.
7  I believe that --
8      THE COURT: Well, if you're asking for 20 days
9  it does make a difference.
10     MR. FISHER: May I speak with him in the hall
11 for a moment?
12     THE COURT: Yes.
13     MR. FISHER: Thank you.
14     (Recess held from 10:10 a.m. to 10:12 a.m.)
15     MR. FISHER: So, Your Honor, I'm going to place
16 an agreement on the record. The agreement that we
17 have reached is that an agreed order denying the
18 motion to quash service will be entered; that it
19 will not state the date of service, but regardless
20 of the date of service, I will give opposing counsel
21 13 days in which to respond. We are not going to
22 agree, or agree to disagree on what responses are
23 still allowed under the rules. That's for another
24 day. And it will state that the Court will reserve
25 on sanctions. Is that agreeable?

16

1      MR. OWEN: That's fine.
2      THE COURT: Okay. We still have a problem of
3  the case management order.
4      MR. FISHER: Yes. What we would ask the Court
5  to do is await the ruling of the Second DCA. They
6  have taken writ of mandamus to the Second DCA. We
7  have moved to dismiss it, et cetera. It doesn't
8  divest the Florida jurisdiction, it's a writ. The
9  appellate experts will be here, by the way, on
10 Tuesday. There's going to be Mr. Serrano from
11 Mr. Casal's office, who was Mr. Branick, who is our
12 appellate expert. But the bottom line is our
13 position would be that we may get some guidance from
14 the Second DCA and either we will or we won't, but
15 at least we know to wait. Everybody has noticed
16 everything for hearing.
17     So our position would be rather than rule on
18 the many different submissions, that the Court await
19 the ruling from the DCA. We're hoping it's going to
20 come in a week. We expect it. It was expedited and
21 consideration was given.
22     Do you have something on the docket there?
23     MR. SCHWARTZ: No, I was going to respond. I
24 was looking for the judge 's assistant's email to
25 us.

17

1      MR. FISHER: That's our position for Ms. Kozel.
2      THE COURT: Okay. Is there anyone else that
3  wants to be heard on the issue of the case
4  management order?
5      MR. SCHWARTZ: If I might, Your Honor.
6  Fred Schwartz.
7      THE COURT: Mr. Schwartz is going to speak. Go
8  ahead, sir.
9      MR. SCHWARTZ: Your judicial assistant was nice
10 enough to email us on Monday afternoon telling us
11 that in -- I guess somebody looked at the writ of
12 prohibition that we -- we petitioned for writ of
13 mandamus that we asked for. And in reviewing it,
14 determined that we had misinterpreted what you said
15 at the case management conference. And I apologize
16 for that misinterpretation, Your Honor. And that
17 what you intended to do was first hear the motions
18 to dismiss and that the hearings and the evidence
19 that you are going to accept during those three days
20 was relevant to our motions to dismiss, and then you
21 might hear some of the other non-substantive motions
22 and then eventually -- I interpreted your -- and,
23 again, I might be interpreting wrong, I interpreted
24 your assistant's email to mean that subsequent to
25 that we would have the opportunity to file answers

18

1  and defenses and perhaps take discovery.
2      If I'm wrong, tell me, but that's how I read
3  the Florida law, that's how I read the Rules of
4  Civil Procedure and that's how I think I understand
5  what Your Honor is saying that we're going to do.
6      THE COURT:  And in the hope that Mr. Fisher
7  does not fall off his chair, that was the Court's
8  intention.  I'm relying on the Second DCA case
9  which, you know -- what pleadings are appropriate is
10  a whole other issue.
11     MR. SCHWARTZ:  Right.
12     THE COURT:  But there is no question I think
13  that you have the right to discovery and you have
14  other rights, too, that are talked about in that
15  case which I --
16     MR. SCHWARTZ:  Venetian salami, Your Honor.
17     THE COURT:  No.  We're going to hear that, of
18  course, next week.  But that was the Court's -- I
19  know he is going to fall off his chair.
20     MR. SCHWARTZ:  I'll hold him up, Judge.
21     THE COURT:  I think we have to deal -- subject
22  matter jurisdiction to me is a non-issue in this
23  case, but I'm going to hear what everyone has to
24  say.  Maybe just one person if they're all the same
25  argument.

19

1      MR. SCHWARTZ:  We'll let Mr. Hall do that,
2  Judge.
3      THE COURT:  But, certainly, whether or not in
4  personam jurisdiction is an issue, we absolutely
5  have to hear that before we hear anything else.
6      MR. SCHWARTZ:  So thank you for explaining that
7  to me.  And, again, I'm sorry I misinterpreted you
8  at the case management conference.
9      THE COURT:  Well, there was a lot of noise that
10  day, if I remember correctly; a huge amount of noise
11  in terms of everybody wanting to be heard, which is
12  understood.
13     MR. SCHWARTZ:  Well, again, I thank you, Judge.
14  So now we know what to prepare for and I can tell
15  the three associates who are back in my office
16  trying to prepare for trial that we don't have to do
17  that.
18     So, Your Honor, we will be here and we'll be
19  prepared and I thank Your Honor for that
20  interpretation.
21     THE COURT:  Okay.
22     MR. SCHWARTZ:  I think Ms. Foster-Morales
23  submitted an order that, basically, summarizes what
24  we said.
25     THE COURT:  It goes way beyond.  It's too much.

20

1  I want to hear from Mr. Fisher or anyone else that's
2  on the phone.
3      MR. CASAL:  Your Honor, this is Jose Casal
4  again.  I just want to reiterate what Mr. Schwartz
5  has already stated to the Court and, again,
6  Ms. Foster-Morales did submit a proposed order that
7  was -- was a combination of work by the lawyers for
8  the -- not only for the former husband, but the --
9  the impleading defendants, so, obviously, we'll take
10  the Court's cue on what the Court wishes to have by
11  way of an order.
12     THE COURT:  Okay.
13     MR. FISHER:  So by way of response, Your Honor,
14  I can't fall because I'm standing, but our entire
15  preparation and strategy for the hearing next week
16  was premised on the Court's prior rulings that it
17  was going to hear the merits along with the
18  jurisdiction together.  And I have five cases that
19  say Your Honor can do that.  I didn't hand them all
20  up last time at case management.  I have them.  The
21  Court can do it.
22     Now, the Court can say, I'm not going to do it.
23  But if the Court is not doing that, my whole
24  strategy is different.  In other words, I came
25  before Your Honor at case management and I said they

21

1  didn't give me jurisdictional discovery.  They did
2  not.  They refused.  I said give me jurisdictional
3  discovery and they said no.  But I said I'm going to
4  go forward anyway without it because in the -- in
5  order to get this done quickly, I'm going to do the
6  best I can the way it is.  If Your Honor is saying,
7  Well, we are not hearing the merits and we are only
8  going to hear jurisdiction, then I want my
9  jurisdictional discovery.  I want, you know, outside
10  of records that they have refused to give me,
11  depositions that are incomplete and other things.
12  And so if that's what the Court is doing, I really
13  need to think about exactly, you know, how I'm going
14  to present next week and whether this changes things
15  in light of Your Honor's email.
16     Now, what I am ready to do is, and this is
17  going to take a lot of time, is they have -- you set
18  the motions to stay first, they're coming.  You have
19  previously ruled that a defense, an evidentiary
20  defense to the stay, is the contemptuous inequitable
21  conduct, okay?  I'm ready on that.  I will do that.
22  That will take a full day, it might take a day
23  and-a-half, I don't know.  The Court at some point
24  may say, I have heard enough, all right?  I don't
25  know.  But I can certainly use -- we can certainly

22

1  use a day or a day and-a-half to deal with the stay
2  and the contempt motions that -- that are associated
3  with it, but if Your Honor is saying I'm going to
4  give them all kinds of discovery and all of that,
5  then I don't want to proceed to an expedited basis
6  with only half the information that I really like if
7  this case is going in a different direction. So I'm
8  not sure how to handle that other than to perhaps
9  take it up when we're all here on Tuesday. But my
10 whole strategy was if the Court is going to hear it
11 all at once, I'm going to do it, you know, with one
12 arm tied behind my back and a patch over one eye.
13 And then the other thing that I would just ask the
14 Court to consider is if that's what the Court's
15 ruling is and I don't -- I argued it to the Court,
16 not with the Court, this ought to be on an expedited
17 track.
18     I mean, we are now -- Your Honor ruled in July
19 last year. During the motion for re-hearing assets
20 went flying everywhere and you entered your judgment
21 in September. The way this is headed, it's going to
22 be a year before we have a hearing on -- on being
23 paid. And that's not the intent of 5629.
24     And another thing that Your Honor should be
25 aware of is there is a statutory amendment to 5629

23

1  that takes effect in July and I don't know that to
2  be retroactive and I don't know that it applies to
3  this proceeding, but there is a tactic on the other
4  side to try to drag this out until after July and
5  then start arguing the statutory amendments to that.
6  And so, again, I hear Your Honor, you know, I will
7  do whatever Your Honor wants, but if we're going at
8  this differently, I really need to think about a
9  different approach to the case and I would like an
10 opportunity to speak to Ms. Kozel. They're taking
11 her deposition today and she had something at school
12 this morning and so I'll speak with her and then we
13 can take that up on Tuesday.
14     Is that okay?
15     THE COURT: Yes.
16     MR. FISHER: Okay.
17     MR. SCHWARTZ: And, Your Honor, just so we're
18 clear, first of all, the image of Mr. Fisher with
19 one arm behind his back and an eye patch makes me
20 think of Captain Hook and I apologize for that,
21 Judge.
22     THE COURT: It sort of reminded me of the
23 tennis player with one foot in a bucket and he still
24 lost.
25     MR. SCHWARTZ: Considering my tennis game, I

24

1  could have no feet in the bucket and still lose.
2      But, Judge, Mr. Fisher sort of says, Well, he
3  needs more time, but we're trying to stall. I have
4  no objection to either way Mr. Fisher wants to go
5  forward. If he wants to proceed on the motions to
6  dismiss for lack of jurisdiction on right after the
7  motions for stay, we will do that and we'll be ready
8  to do that.
9      On the other hand, I don't want to --
10 Mr. Fisher to suggest that through tactics we were
11 trying to make his job much more difficult. A
12 little more difficult, but not much more difficult.
13 We will have no objection if Your Honor wants to put
14 off for a few weeks the motions to dismiss for lack
15 of personal jurisdiction, so that Mr. Fisher can
16 take discovery and we'll have an opportunity to take
17 some discovery on that also. We've tried to start
18 on that. Mr. Fisher has allocated us, I believe,
19 five hours this afternoon to take Ashley Kozel's
20 deposition. Knowing my colleague, Mr. Hall, he
21 should be about halfway through in the five hours.
22 I cross-noticed that motion -- that deposition and I
23 wanted to go right after Mr. Hall. I asked
24 Mr. Fisher if Ms. Kozel would be available tomorrow,
25 Friday, Saturday, Sunday, thinking we were going to

25

1  have a trial on the merits on Monday, and she is not
2  available. So if we get additional time, I'll have
3  the opportunity to take her deposition.
4      I wanted to follow up on some of Mr. Fisher's
5  depositions in New York, particularly a Ms. Beare
6  who he took. Her attorney told me that although she
7  sat and was available for Mr. Fisher, she wouldn't
8  be available for us unless we went through the whole
9  procedure of making motions to the Court, getting
10 the commissioner in New York, et cetera. So we
11 would do that if we could get the additional time.
12     Now, I'm not trying to discourage Mr. Fisher by
13 telling him we're going to do those things if he
14 needed more time, but we're ready either way to have
15 the hearings on the motions to dismiss for lack of
16 personal jurisdiction either next week or agreeing
17 to whatever additional time Mr. Fisher requests and
18 proceeding.
19     I had a trial the last two weeks of this month,
20 it's now cancelled, so I have time at the end of the
21 month. I don't know about other counsel.
22     MR. FISHER: So what I would suggest is let's
23 do the stay motions next week, the motions for
24 contempt, and then what I would like at least -- I
25 would like 24 hours to tell the Court if I'm going

7 (Pages 22 to 25)

26

1  to try to move forward on the personal jurisdiction.
2  I need to speak to my client. So that's the bottom
3  line. And if we're not going to move forward, then
4  we'll use the time for case management and
5  Your Honor will figure out what's going on. But, I
6  mean, there is no set of circumstances where I'm
7  going to agree that Ms. Kozel's deposition is going
8  to be taken for four days as a judgment creditor in
9  a 5629 and that's what Mr. Schwartz and Mr. Hall and
10 what Ms. Foster-Morales, all of them want to do.
11 And she's got two little children that she takes
12 care of alone and it's their spring break and, yeah,
13 that's right, she is not available tomorrow or this
14 weekend and, you know, there are certain priorities
15 and the children are more important than this case.
16 And that's what I told her and so, no, she is not
17 coming back tomorrow or Friday or Saturday or Sunday
18 or anything else.
19     So the bottom line is if I may please have
20 24 hours, I will advise the Court and all my
21 co-counsel in writing if we are going to do anything
22 more than the motion to -- the stay motions and our
23 contempts and stuff like that, and I will advise the
24 Court, as well. And if we're not going to do that
25 because Your Honor is going to give more time to do

27

1  discovery, then we can take up the parameters for
2  that while we're all together, if that's acceptable
3  to the Court.
4      THE COURT: It is.
5      MR. FISHER: Okay, thank you.
6      THE COURT: Okay. Anything else?
7      MR. FISHER: Mr. Casal, in light of the Court's
8  ruling, are we needing to argue that motion that you
9  were going to argue?
10     MR. CASAL: This is on the former husband's
11 motion to shorten time for discovery?
12     MR. FISHER: Yeah. I think it's kind of moot.
13     MR. CASAL: Well, I mean, it somewhat depends,
14 Mr. Fisher, on what position you're going to take
15 for next week. The problem is that some of the
16 things that we're requesting in the request deal
17 with our -- the matters that might be set to be
18 heard next week regarding the motion for stay and
19 also the contempt motions. That's my concern that
20 it's not moot.
21     MR. FISHER: I'm ready to proceed, then,
22 Your Honor, on that motion.
23     THE COURT: All right. The Court's rulings, it
24 seems to me, does not moot the writ of mandamus?
25     MR. FISHER: I go -- no, Judge. I need to

28

1  speak to my appellate co-counsel. You know, there
2  are many issues that can arise out of that and I
3  would need to speak to him about that.
4      THE COURT: Well, I mean, it wouldn't be your
5  decision anyway because it's not your petition.
6      MR. SCHWARTZ: Our position -- again, I would
7  talk to the other attorneys, but it's my position
8  that, yes, your decision that we're going forward in
9  a manner that was suggested and I think Your Honor
10 originally meant to go forward would moot the writ
11 of mandamus, but I know I'll get slapped on the
12 wrist by the other attorneys unless I talk to them
13 first.
14     THE COURT: All right. What is the other
15 motion that we need? Motion to shorten time for
16 former wife to respond?
17     MR. FISHER: Yes.
18     MR. CASAL: That is correct, Your Honor. This
19 is Jose Casal again. Thank you, Your Honor.
20     THE COURT: Okay.
21     MR. CASAL: This is the former husband's
22 motion. We filed a second request for production on
23 the former wife after the case management conference
24 on March 14th. The reason we filed this second
25 request for production, Judge, is the former wife

29

1  continues to amend some of her motions that relate
2  to the motions for contempt and also has even filed
3  some cross motions in connection with responses to
4  our motions for stay which add additional facts.
5      We have requested in this second request for
6  production, Judge, basically documents relating to
7  specific allegations made in the various contempt
8  motions. We have asked for the time to be shortened
9  for Mr. Fisher to respond. We filed the request on
10 March 22nd and we asked for seven days, those seven
11 days have already gone. So in light of that I think
12 what we would like, Your Honor, is that a minimum
13 for Mr. Fisher to file responses to the request for
14 production by April 1st, which is this Friday, to
15 the extent that the documents that are responsive to
16 the request have already been produced and all he
17 has to do is give you the Bate ranges and say these
18 are the Bate ranges that are responsive to this
19 request.
20     The only thing that I would note, Your Honor,
21 that I don't think has been produced or at least we
22 don't have any information on is on the expert
23 witnesses. There are two expert witnesses that have
24 been disclosed by Mr. Fisher. We do not know what
25 information has been provided to these expert

8 (Pages 26 to 29)

30

1   witnesses specifically and we do not know what
2   documents they are relying on in reaching their
3   opinions. And, specifically, we don't even know
4   specifically what their opinions are.
5       Now, again, I don't know to the extent that
6   these experts are going to be used primarily in the
7   matter against the former husband, Mr. Kozel, or
8   these are experts that are going to be used in
9   matters against the impleading defendants, so that's
10  something that maybe Mr. Fisher can clarify. And
11  that is our request, Judge.
12      THE COURT: Okay.
13      MR. FISHER: Does Your Honor have that motion?
14      THE COURT: I do not have it with me.
15      MR. FISHER: I don't know why I wasn't given
16  extra copies. Let's see if I can find an extra copy
17  because I need -- here it is, yes. Thank you.
18      So this is a motion to shorten the time for us
19  to respond to a request to produce that was served
20  on us for the first time on March 22nd. What
21  Mr. Casal says is incorrect. The motion for stay,
22  the motions for contempt have been pending since --
23  for months, okay? They were originally scheduled in
24  February. Your Honor moved them until next week so
25  Mr. Schwartz could go to -- to Israel. So to say

31

1   that, Oh, we just needed to file this for the first
2   time last week and give Mr. Fisher's office less
3   than seven days to respond is wrong. They could
4   have and should have done this long ago. First.
5       Second, now that second is at the same time I
6   got this I got notice to produce by 212 and a motion
7   to shorten time. Notice to produce Interrogatory
8   Answers from 212 and a motion to shorten time.
9   Motion to shorten time from 3601, Gokana, everybody,
10  they all descended on my office, and I have them all
11  right here, the same thing, and the tactic is,
12  basically, to overwhelm our small firm on the eve of
13  the hearing with a bunch of information that they
14  could have and should have asked for before, which
15  is all objectionable.
16      Next, there are at least ten letters in the
17  file, Judge, where I wrote to my opposing counsel
18  and say, Let's meet and confer. Let's sit down and
19  look and see what everybody has. Try -- just like I
20  did with Mr. Luttier. We came in front of the Court
21  with 700 -- 600 exhibits and I think 10 were
22  objected to. And then Your Honor took up the
23  objections. But what happens now is there is a
24  whole new group of lawyers that are going to come in
25  and they will agree to nothing. They will agree to

32

1   nothing. And then what they're going to do is,
2   Well, we want everything from you at the last minute
3   and we're going to tell you nothing. So I object to
4   it for that reason.
5       But now let's look at what they're asking. So
6   first there are 10 pages of -- and, again, the only
7   issue is do I have 30 days to respond or do I have
8   to respond sooner? So they have got all these
9   definitions and then they say, "Any documents that
10  the former wife intends to use at any hearing to
11  support the claim that the former husband has
12  willfully and intentionally failed to produce
13  documents as alleged in the former wife's motion for
14  sanctions." Well, Judge, that changes daily, and
15  literally.
16      I'll give you one example. We have
17  Bader Al-Qabandi again. So Mr. Kozel sat for a
18  deposition -- I sent a request to produce to him in
19  August right after Your Honor first ruled in aid of
20  execution. Mr. Luttier withdraws.
21  Ms. Foster-Morales comes in. I said I didn't get
22  the records. Your Honor enters an order that says
23  all the documents on there are due October 19th.
24  One of the things that I asked for are notes,
25  promissory notes. Okay?

33

1       So he comes to his deposition November 20th and
2   he's got 8 million bucks coming into his account
3   while this case is pending from Bader Al-Qabandi and
4   he says, Oh, those are loans, loans. Where are the
5   notes? Oh, they're somewhere. So I take his
6   deposition and the notes are not there so I file a
7   motion for sanctions. Okay?
8       I take another deposition of him January 19th
9   or 20 or something like that. Where are the notes
10  from Bader Al-Qabandi? You know, I called him in
11  Kuwait and I couldn't get him, whatever the story
12  is. I get these notes last night. Last night. We
13  assert they're backdated, fabricated, incomplete and
14  all that. But to tell -- to say to me, Tell me
15  everything that you're going to use to show that
16  Todd Kozel has not complied, I can't tell you that
17  because it changes on a daily basis.
18      I can tell you this: I'm going to show his
19  videotape to the Court. I can tell you this: I'm
20  going to put him on the stand and I'm going to ask
21  him some questions and I'm going to say, Here's what
22  the Court ordered. Here's what I got. Okay?
23  Explain to the judge why I didn't get this by
24  October 19th and why I didn't get this by your
25  deposition and why I didn't get it this. But I

34

1    can't tell the Court. It would take me days to
2    figure it out and it changes daily. So I object to
3    shortening the time.
4        Next, any document that the former husband
5    intends to use at any hearing to support the claim
6    that the former husband is engaged in a massive
7    effort to send all of his valuable assets to defeat
8    the jurisdiction and authority of the Court as
9    alleged in our corrected motion to hold the former
10   husband and 212 in contempt. That's the trial.
11   That's the whole thing. Okay? And I'm up to --
12   and, by the way, another thing, Judge -- I'm talking
13   fast. I'll slow down.
14       THE COURT: That's all right.
15       MR. FISHER: So they produced -- all of the
16   records are their records. I don't have any
17   records. Okay? I subpoenaed Mike Freeman, the
18   lawyer for the Gokana Trust and 212 and 3601 last
19   October. He produced 22,000 pages of records.
20   There are few other people that produced records.
21   The lawyer in New York and the judge in New York has
22   been ordering production of records that we're going
23   to use there. But every record is their record. No
24   records are Jeff Fisher and Ashley Kozel's records.
25       Now, what we did is we went through the 20,000

35

1    pages of records and there is -- for every email
2    chain it's a duplicate so you get, you know, "Thank
3    you very much," for the last email chain and "You're
4    welcome," and the last three emails. So what we did
5    is we went through it and we took 22,000 pages of
6    records to something like there's about a thousand
7    exhibits, 900 exhibits, some are duplicate, we are
8    still working on it, and I had my copy service, the
9    digital technology is amazing -- and I said every
10   time that you make a copy of an exhibit for us, scan
11   in the Bates numbers and it will say page 212 to
12   219, 87 to 91, and so I sent them every time we cull
13   their records down. And I have it here with me. I
14   say, here is the revised list, here is the revised
15   list.
16       So what I have done is I have taken their
17   records for their benefit and shrunk it down, down,
18   down, down so that the universe of their records
19   that I'm using is a fraction of what they gave me,
20   and they know it. They know it. And so to ask me
21   in No. 2, tell me every single document, well, first
22   I say you already know. I'm using your records
23   against you, I'm using your testimony against you.
24   But to ask me to do it in any more detail on a short
25   basis, I can't.

36

1        Next, any document the former husband intends
2    to use at any hearing, whatever that means, to
3    support the claim that the former husband is 212 18,
4    LLC, as alleged is his alter ego. Okay? Again,
5    that is the trial on the merits. It also is
6    jurisdiction, okay, when we get to jurisdiction and
7    we're going to show alter ego. But the bottom line
8    is it's the same thing. It's their records. I have
9    listed the records. I have reduced the records.
10   But I can't give any more specificity than that.
11   I'm going to use Mr. Kozel's deposition and other
12   people's depositions and I've disclosed all of this.
13       Former -- any document we intend to use at any
14   hearing to support the claim the former husband
15   controls 212 as his alter ego. The same problem.
16       "Any document the former wife intends to use at
17   any hearing to support the claim that the former
18   husband has the ability to pay child support."
19   Well, you know, the way I understand contempt law is
20   once your Honor enters that order there is a
21   presumption of ability to pay. There is no dispute
22   he hasn't paid. And if he wants to come to Court on
23   Tuesday without having paid his child support and
24   I'll make a small wager right now that a check is
25   going to be forthcoming, but we're going to still

37

1    move to hold him in contempt because he did not
2    comply with that order. I think the Court can
3    consider the fact that he was spending $400,000 a
4    month every single month last year and can buy a
5    $12.75 million condo with the Gokana Trust money is
6    probative of that, but I cannot tell you every
7    single document I'm going to use on a short basis,
8    not even knowing what Mr. Kozel is going to say or
9    whether he's even going to show up.
10       And I can go through each and every one of
11   these and make the same argument. And I do want to
12   show the Court, because we are giving the other side
13   disclosure and doing what we're supposed to do to
14   make the Court's job and their job easier.
15       Could you please hand that up to the Court?
16       This is the second amended preliminary exhibit
17   list. And some of them, I mean, we say all the
18   records produced by Michael Freeman. There are a
19   lot, there is no doubt. His privilege log, which is
20   a big issue, okay? Because Mr. Freeman seems to put
21   things on his privilege log that he just wants us to
22   see as opposed to what's privileged. But anyway, if
23   you go down all this we say this woman Emily Beare,
24   she was the real estate broker in New York, I took
25   her deposition. She produces this sheet that says,

10 (Pages 34 to 37)

38

1  Buyers, Todd and Inga Kozel.  Will take title in an
2  LLC and all this other stuff.  So anyway, I list all
3  these things.
4      But then here's what's important for the Court
5  to see:  This printout, which we attached, in the
6  back this is -- that's $100,000 worth of work
7  easily.  Okay?  What we did is at core is
8  Emily Beare's documents.  She probably produced
9  maybe a thousand pages of records.  We don't just
10  say every document Emily Beare used.  We say Bates
11  page 28 and 29, 30, 31 to 33, 34, 35 to 36, so we do
12  that for Emily Beare.
13      Then former husband, he's produced records.  We
14  list his records.  Freeman, all of these are done,
15  and I'm trusting my fine copy service to scan these
16  numbers in properly, and this list changes from time
17  to time as we go through it and add things and
18  subtract things.  But I have given them way beyond
19  what -- what they really deserve, what I really have
20  to do.  I mean, this is a motion.  There is no
21  pretrial order.  And, yet, I have done this.  And to
22  ask me to do more on a short time period is wrong,
23  especially when I'm being stonewalled by the other
24  side.
25      So I would ask Your Honor to please deny the

39

1  motion to shorten time.  I will respond at the
2  appropriate time.  I think that counsel has
3  everything they want.  And then on this expert
4  issue, which is again it's not even in their motion,
5  I answered Expert Interrogatories, I amended the
6  Answers to Expert Interrogatories, I sent them a
7  letter February 19th, February 19th when Your Honor
8  said Mr. Schwartz could be last, I have got five
9  weeks now, give me any dates you want to take
10  Mr. Ulrich and Mr. Pitchford.  Nothing, not a
11  response, nothing.
12      And then what happens is yesterday they
13  subpoena Mike Pitchford for Monday afternoon when
14  he's got appointments and Mr. Ulrich for something
15  else and then they cancelled them.
16      So that's what I'm dealing with here.  And I
17  just ask the Court to please deny the motion to
18  shorten time and let the lawyers work it out and we
19  will be here on Tuesday and I'll tell the Court
20  prior to the close of business tomorrow if we're
21  going to argue anything other than the stay and the
22  contempts.
23      Thank you.
24      THE COURT:  Okay.  Anyone else?
25      MR. CASAL:  Your Honor, may I briefly respond?

40

1      THE COURT:  Of course.
2      MR. CASAL:  Very briefly, Your Honor.  This is
3  a very simple motion.  All we're asking for is a
4  shortened time for Mr. Fisher to respond to our
5  request for production by Friday.  The information
6  that Mr. Fisher has disclosed to the Court, these
7  exhibit lists, for lack of a better term, they were
8  provided to us after we submitted this request for
9  production.  By my count there are 22 pages of Bate
10  stamp ranges which, I believe by Mr. Fisher's own
11  admission, constitute approximately 800 or 900
12  documents and that's not pages, that's documents,
13  and I think we're entitled to know because these are
14  Mr. Fisher's own allegations in these motions.
15  These motions are directed to my client.  These are
16  not motions directed to the other parties, it's
17  directed to my client and I'm entitled to know
18  exactly what documents he's going to be relying on
19  and what he's going to be using at the hearing in
20  which he is going to be seeking contempt orders
21  against my client.  I'm entitled to know these
22  documents so I can properly prepare my client for
23  these hearings and to avoid the entry of those
24  contempt orders.  That's all I'm asking for, Judge.
25  I just need his responses to my requests for

41

1  production so I can properly prepare.
2      THE COURT:  Your requests are rather broad, to
3  put it mildly.
4      When were these served?
5      MR. CASAL:  March 22nd.
6      THE COURT:  Okay.  Anyone else want to --
7      MR. SCHWARTZ:  Not on this motion, but
8  responding to what Mr. Fisher said, he does have two
9  experts.  We don't know if he is going to use them
10  next week.  If he does, we filed before the Court
11  and we would ask Your Honor to consider it before
12  the experts testify, a Daubert motion, because, as
13  Your Honor knows, the State of Florida has adopted
14  the Daubert test as opposed to the Frye test on
15  experts, so I just alert Your Honor to that.
16      THE COURT:  Okay.  Now we're really going into
17  the woods.
18      I'm going to deny the motion because I think,
19  because Mr. Fisher is over here, I believe he's got
20  depositions scheduled -- is that correct?
21      MR. FISHER:  I do, Your Honor.
22      THE COURT:  To get this done by tomorrow I
23  don't know if that's humanly possible.  So I'm going
24  to deny the motion.  We'll see if there is any
25  prejudice of next week, but we're going to proceed.

42

1   All right?
2        MR. FISHER:  Yes, Your Honor.
3        So Mr. Owen and I will prepare an order for
4   submission.
5        Is there anything else?  I don't think we have
6   anything else.
7        MR. OWEN:  I don't think so, Your Honor.
8        MR. FISHER:  Okay.  Thank you for your time.
9        THE COURT:  Okay, thank you.
10       MR. CASAL:  Thank you, Your Honor.
11       THE COURT:  You're welcome.
12       (Proceedings concluded at 10:48 a.m.)
13                    *****
14
15
16
17
18
19
20
21
22
23
24
25

43

1              CERTIFICATE OF REPORTER
2
3
    STATE OF FLORIDA
4   COUNTY OF SARASOTA
5
6        I, KEVIN P. MIKUS, Registered Merit Reporter,
7   do hereby certify that I was authorized to and did
8   report the foregoing proceedings, and that the
9   transcript, pages 1 through 42, is a true and correct
10  record of my stenographic notes.
11       I further certify that I am not a relative,
12  employee, attorney, or counsel of the parties, nor am I
13  a relative or employee of any of the parties' attorney
14  or counsel connected with the action, nor am I
15  financially interested in the action.
16       DATED this 30th day of March, 2016.
17
18
19
20
21
22
23
24   _____
         KEVIN P. MIKUS, RMR
25



12 (Pages 42 to 43)

**A**

**a.m (5)**
1:21,21 15:14
15:14 42:12
**ability (2)**
36:18,21
**absolutely (1)**
19:4
**accept (2)**
10:10 17:19
**acceptable (1)**
27:2
**account (1)**
33:2
**action (2)**
43:14,15
**Adams (2)**
3:3 6:4
**add (2)**
29:4 38:17
**add-on (1)**
5:12
**additional (4)**
25:2,11,17 29:4
**admission (1)**
40:11
**adopted (1)**
41:13
**advise (2)**
26:20,23
**affidavit (8)**
11:11,12,13
13:14,16,17,18
13:20
**affidavits (2)**
12:14 13:11
**afternoon (4)**
7:9 17:10 24:19
39:13
**ago (1)**
31:4
**agree (9)**
8:1 10:25 13:23
14:22 15:22,22
26:7 31:25,25
**agreeable (1)**

15:25
**agreed (1)**
15:17
**agreeing (1)**
25:16
**agreement (2)**
15:16,16
**ahead (5)**
5:21 14:16,18
15:4 17:8
**aid (1)**
32:19
**Al-Qabandi (3)**
32:17 33:3,10
**alert (1)**
41:15
**allegations (2)**
29:7 40:14
**alleged (3)**
32:13 34:9 36:4
**allocated (1)**
24:18
**allowed (2)**
10:15 15:23
**allows (1)**
10:13
**alter (3)**
36:4,7,15
**amazing (1)**
35:9
**amend (1)**
29:1
**amended (2)**
37:16 39:5
**amendment (1)**
22:25
**amendments (1)**
23:5
**amount (1)**
19:10
**and-a-half (2)**
21:23 22:1
**Announce (1)**
6:3
**answered (1)**
39:5
**answers (3)**

17:25 31:8 39:6
**anyway (4)**
21:4 28:5 37:22
38:2
**apologize (4)**
5:25 6:19 17:15
23:20
**appear (6)**
7:7,11,17,18,22
8:3
**appearance (1)**
6:3
**APPEARAN... **
3:1
**appellate (3)**
16:9,12 28:1
**application (1)**
12:17
**applies (1)**
23:2
**appointments ...**
39:14
**approach (1)**
23:9
**appropriate (2)**
18:9 39:2
**approximatel...**
40:11
**April (3)**
7:19 9:18 29:14
**argue (3)**
27:8,9 39:21
**argued (1)**
22:15
**arguing (1)**
23:5
**argument (3)**
13:6 18:25
37:11
**arguments (1)**
10:14
**arm (2)**
22:12 23:19
**Ashley (5)**
1:5 6:6 13:9
24:19 34:24
**asked (6)**

17:13 24:23
29:8,10 31:14
32:24
**asking (5)**
11:4 15:8 32:5
40:3,24
**assert (1)**
33:13
**assets (2)**
22:19 34:7
**assistant (1)**
17:9
**assistant's (2)**
16:24 17:24
**associated (1)**
22:2
**associates (1)**
19:15
**astronomical (...**
11:2
**attached (1)**
38:5
**attempted (2)**
8:10 14:5
**attention (1)**
8:24
**attorney (3)**
25:6 43:12,13
**attorneys (2)**
28:7,12
**August (1)**
32:19
**authority (1)**
34:8
**authorized (1)**
43:7
**available (5)**
24:24 25:2,7,8
26:13
**Avenue (1)**
2:15
**avoid (1)**
40:23
**await (2)**
16:5,18
**aware (1)**
22:25

17:13 24:23

**B**

**back (5)**
19:15 22:12
23:19 26:17
38:6
**backdated (1)**
33:13
**Bader (3)**
32:17 33:3,10
**based (1)**
13:11
**basically (3)**
19:23 29:6
31:12
**basis (4)**
22:5 33:17
35:25 37:7
**Bate (3)**
29:17,18 40:9
**Bates (2)**
35:11 38:10
**Beach (1)**
2:4
**Beare (4)**
25:5 37:23
38:10,12
**Beare's (1)**
38:8
**behalf (5)**
2:2,10,19 3:2
6:12
**believe (7)**
5:8 8:13 15:5,7
24:18 40:10
41:19
**BENDECK (1)**
2:3
**benefit (1)**
35:17
**best (1)**
21:6
**better (2)**
14:16 40:7
**beyond (2)**
19:25 38:18
**big (1)**

37:20
**Bill (1)**
6:7
**bit (1)**
10:3
**Boca (1)**
2:20
**bottom (4)**
16:12 26:2,19
36:7
**Boulevard (2)**
1:22 3:3
**Branick (1)**
16:11
**break (1)**
26:12
**Brickell (1)**
2:15
**brief (1)**
11:3
**briefly (2)**
39:25 40:2
**bring (2)**
8:24 13:21
**broad (1)**
41:2
**broker (1)**
37:24
**bucket (2)**
23:23 24:1
**bucks (1)**
33:2
**bunch (4)**
9:9 10:14 12:1
31:13
**business (1)**
39:20
**buy (1)**
37:4
**Buyers (1)**
38:1

———— C ————
**C (1)**
2:1
**call (2)**
5:9 6:16

**called (1)**
33:10
**cancelled (2)**
25:20 39:15
**Captain (1)**
23:20
**care (1)**
26:12
**Casal (16)**
2:17 6:10,11
20:3,3 27:7,10
27:13 28:18,19
28:21 30:21
39:25 40:2
41:5 42:10
**Casal's (1)**
16:11
**case (18)**
1:2 9:2 10:4
16:3 17:3,15
18:8,15,23
19:8 20:20,25
22:7 23:9 26:4
26:15 28:23
33:3
**cases (1)**
20:18
**cause (3)**
11:7,8 12:13
**certain (2)**
7:20 26:14
**certainly (3)**
19:3 21:25,25
**Certificate (2)**
4:6 43:1
**certify (2)**
43:7,11
**cetera (2)**
16:7 25:10
**chain (2)**
35:2,3
**chair (2)**
18:7,19
**changed (1)**
13:15
**changes (5)**
21:14 32:14

33:17 34:2
38:16
**check (1)**
36:24
**child (3)**
11:23 36:18,23
**children (2)**
26:11,15
**CIRCUIT (2)**
1:1,1
**circumstances...**
26:6
**Civil (1)**
18:4
**claim (6)**
12:16 32:11
34:5 36:3,14
36:17
**clarify (1)**
30:10
**clause (1)**
14:10
**clear (1)**
23:18
**client (7)**
13:11 14:11
26:2 40:15,17
40:21,22
**client's (1)**
13:13
**close (1)**
39:20
**co-counsel (3)**
6:8 26:21 28:1
**colleague (1)**
24:20
**combination (1)**
20:7
**come (8)**
9:23 10:13
11:17 13:22
14:5 16:20
31:24 36:22
**comes (4)**
9:7 13:25 32:21
33:1
**coming (3)**

21:18 26:17
33:2
**commissioner ...**
25:10
**complain (1)**
14:13
**complied (1)**
33:16
**comply (1)**
37:2
**computer (1)**
5:16
**concede (1)**
11:18
**conceded (1)**
10:17
**concern (1)**
27:19
**concerned (1)**
13:20
**concluded (1)**
42:12
**condo (1)**
37:5
**conduct (1)**
21:21
**confer (1)**
31:18
**conference (4)**
5:22 17:15 19:8
28:23
**connected (1)**
43:14
**connection (1)**
29:3
**consequences ...**
10:10
**consider (5)**
11:5 12:12
22:14 37:3
41:11
**consideration ...**
16:21
**Considering (1)**
23:25
**constitute (1)**
40:11

**Constitution (1)**
14:11
**construed (1)**
9:5
**contempt (13)**
11:25 13:10
22:2 25:24
27:19 29:2,7
30:22 34:10
36:19 37:1
40:20,24
**contempts (2)**
26:23 39:22
**contemptuous...**
21:20
**CONTINUED...**
3:1
**continues (1)**
29:1
**contrary (1)**
11:16
**controls (1)**
36:15
**copies (1)**
30:16
**copy (4)**
30:16 35:8,10
38:15
**core (1)**
38:7
**correct (3)**
28:18 41:20
43:9
**corrected (1)**
34:9
**correctly (1)**
19:10
**counsel (14)**
8:10,13,15 9:18
10:7,13 11:10
13:13 15:20
25:21 31:17
39:2 43:12,14
**counsel's (1)**
5:11
**count (1)**
40:9

**COUNTY (2)**
1:1 43:4
**course (2)**
18:18 40:1
**court (106)**
1:1 5:2,7,15,24
6:3,9,13,21,25
7:2,13,16,23
8:2,4,6,19 9:21
9:25 10:8 11:5
11:6,23 12:2,8
12:20 13:2,2,7
13:14,19,23
14:4,9,15,16
14:21,23 15:3
15:8,12,24
16:2,4,18 17:2
17:7 18:6,12
18:17,21 19:3
19:9,21,25
20:5,10,12,21
20:22,23 21:12
21:23 22:10,14
22:15,16 23:15
23:22 25:9,25
26:20,24 27:3
27:4,6,23 28:4
28:14,20 30:12
30:14 31:20
33:19,22 34:1
34:8,14 36:22
37:2,12,15
38:4 39:17,19
39:24 40:1,6
41:2,6,10,16
41:22 42:9,11
**Court's (14)**
8:22,24 10:4,5,6
14:3 18:7,18
20:10,16 22:14
27:7,23 37:14
**courtroom (2)**
1:22 13:9
**creditor (2)**
9:5 26:8
**cross (1)**
29:3

**cross-noticed ...**
24:22
**cue (1)**
20:10
**cull (1)**
35:12

___

**D**

**D (1)**
2:5
**daily (3)**
32:14 33:17
34:2
**date (4)**
14:25 15:6,19
15:20
**DATED (1)**
43:16
**dates (1)**
39:9
**Daubert (2)**
41:12,14
**day (7)**
15:24 19:10
21:22,22 22:1
22:1 43:16
**days (13)**
8:15 12:23,24
13:1 15:8,21
17:19 26:8
29:10,11 31:3
32:7 34:1
**DCA (5)**
16:5,6,14,19
18:8
**deal (4)**
8:5 18:21 22:1
27:16
**dealing (1)**
39:16
**December (1)**
13:17
**decision (2)**
28:5,8
**defeat (1)**
34:7
**defendants (3)**

1:16 20:9 30:9
**defense (2)**
21:19,20
**defenses (1)**
18:1
**definitions (1)**
32:9
**delayed (1)**
9:16
**denied (2)**
10:7 12:21
**deny (8)**
10:19 12:9,10
12:21 38:25
39:17 41:18,24
**denying (2)**
9:22 15:17
**depends (1)**
27:13
**deposition (13)**
8:4 23:11 24:20
24:22 25:3
26:7 32:18
33:1,6,8,25
36:11 37:25
**depositions (4)**
21:11 25:5
36:12 41:20
**descended (1)**
31:10
**Description (1)**
4:11
**deserve (1)**
38:19
**despite (1)**
12:2
**detail (1)**
35:24
**determine (1)**
14:17
**determined (1)**
17:14
**difference (4)**
14:22,23 15:6,9
**different (4)**
16:18 20:24
22:7 23:9

**differently (1)**
23:8
**difficult (3)**
24:11,12,12
**digital (1)**
35:9
**directed (4)**
7:18 40:15,16
40:17
**directing (1)**
7:18
**direction (1)**
22:7
**disagree (2)**
8:16 15:22
**disclosed (3)**
29:24 36:12
40:6
**disclosure (1)**
37:13
**discourage (1)**
25:12
**discovery (10)**
18:1,13 21:1,3,9
22:4 24:16,17
27:1,11
**dismiss (6)**
16:7 17:18,20
24:6,14 25:15
**dispute (1)**
36:21
**divest (1)**
16:8
**docket (1)**
16:22
**document (7)**
34:4 35:21 36:1
36:13,16 37:7
38:10
**documents (12)**
7:20 29:6,15
30:2 32:9,13
32:23 38:8
40:12,12,18,22
**doing (3)**
20:23 21:12
37:13

**Donellan (4)**
1:18 4:3 6:9,10
**doubt (1)**
37:19
**drag (2)**
10:2 23:4
**Drive (1)**
2:3
**due (3)**
14:10,12 32:23
**duplicate (2)**
35:2,7

___

**E**

**E (2)**
2:1,1
**easier (2)**
8:5 37:14
**easily (1)**
38:7
**East (1)**
2:20
**effect (1)**
23:1
**effectively (2)**
9:17 10:13
**effort (1)**
34:7
**ego (3)**
36:4,7,15
**either (4)**
16:14 24:4
25:14,16
**email (6)**
16:24 17:10,24
21:15 35:1,3
**emails (1)**
35:4
**Emily (4)**
37:23 38:8,10
38:12
**employee (2)**
43:12,13
**engaged (1)**
34:6
**entered (2)**
15:18 22:20

enters (2)
32:22 36:20
entire (1)
20:14
entitled (3)
40:13,17,21
entry (1)
40:23
especially (1)
38:23
ESQUIRE (6)
2:5,8,13,17,22
3:5
establish (1)
12:15
estate (1)
37:24
et (2)
16:7 25:10
eve (1)
31:12
eventually (1)
17:22
everybody (4)
16:15 19:11
31:9,19
evidence (1)
17:18
evidentiary (1)
21:19
exactly (2)
21:13 40:18
example (1)
32:16
execution (1)
32:20
exhibit (3)
35:10 37:16
40:7
exhibits (5)
4:10,14 31:21
35:7,7
existing (1)
12:17
expect (1)
16:20
expedited (4)

9:4 16:20 22:5
22:16
expense (1)
13:21
expenses (1)
11:2
expensive (1)
11:16
expert (7)
16:12 29:22,23
29:25 39:3,5,6
experts (6)
16:9 30:6,8 41:9
41:12,15
Explain (1)
33:23
explaining (1)
19:6
explains (1)
13:14
extent (2)
29:15 30:5
extra (2)
30:16,16
eye (2)
22:12 23:19

——————
F
fabricated (1)
33:13
fact (5)
8:11 9:20 13:20
13:25 37:3
facts (4)
12:15,17 14:8
29:4
failed (1)
32:12
fall (3)
18:7,19 20:14
fast (1)
34:13
fault (1)
9:11
February (5)
9:17 13:18
30:24 39:7,7

feet (1)
24:1
FERGUSON (...
2:19
figure (2)
26:5 34:2
file (6)
9:23 17:25
29:13 31:1,17
33:6
filed (8)
8:9 12:14 13:11
28:22,24 29:2
29:9 41:10
financially (1)
43:15
find (1)
30:16
finds (1)
14:23
fine (4)
11:10 12:22
16:1 38:15
firm (2)
6:11 31:12
first (16)
5:10,14 9:6,18
10:11,15 17:17
21:18 23:18
28:13 30:20
31:1,4 32:6,19
35:21
Fisher (58)
2:3,5 5:5,10,23
6:6,6,18 8:1,3
8:19,21 12:8
12:25 14:5,9
15:10,13,15
16:4 17:1 18:6
20:1,13 23:16
23:18 24:2,4
24:10,15,18,24
25:7,12,17,22
27:5,7,12,14
27:21,25 28:17
29:9,13,24
30:10,13,15

34:15,24 40:4
40:6 41:8,19
41:21 42:2,8
Fisher's (6)
7:9,21 25:4 31:2
40:10,14
five (4)
20:18 24:19,21
39:8
five-month (1)
13:15
Flagler (2)
2:3,11
flew (1)
10:22
Florida (13)
1:1,22 2:4,7,12
2:16,20 3:4
13:12 16:8
18:3 41:13
43:3
flying (1)
22:20
focus (1)
12:6
follow (1)
25:4
foot (1)
23:23
foregoing (1)
43:8
former (25)
1:4,7,11 2:2,10
20:8 27:10
28:16,21,23,25
30:7 32:10,11
32:13 34:4,6,9
36:1,3,13,14
36:16,17 38:13
forthcoming (1)
36:25
forum (1)
14:13
forward (9)
7:24 8:16,17
21:4 24:5 26:1
26:3 28:8,10

Foster-Morale...
2:10 5:20 6:18
19:22 20:6
26:10 32:21
four (1)
26:8
fraction (1)
35:19
Fred (3)
2:22 6:1 17:6
Freeman (4)
34:17 37:18,20
38:14
Friday (4)
24:25 26:17
29:14 40:5
front (1)
31:20
Frye (1)
41:14
full (1)
21:22
fully (1)
14:3
further (2)
10:2 43:11

——————
G
G-u-n-i-a (1)
7:1
game (1)
23:25
general (1)
8:25
getting (2)
5:15 25:9
give (13)
9:5 11:25 15:20
21:1,2,10 22:4
26:25 29:17
31:2 32:16
36:10 39:9
given (7)
9:3 13:16,17,18
16:21 30:15
38:18
giving (2)

12:22 37:12
**go (18)**
5:21 7:24 8:16
8:17 12:11
14:16,18 15:3
17:7 21:4 24:4
24:23 27:25
28:10 30:25
37:10,23 38:17
**goes (1)**
19:25
**going (82)**
5:16 9:16,22,24
10:17,18,22
11:15,20,22
12:5,25 13:1,2
13:19 14:17,21
14:22 15:15,21
16:10,19,23
17:7,19 18:5
18:17,19,23
20:17,22 21:3
21:5,8,13,17
22:3,7,10,11
22:21 23:7
24:25 25:13,25
26:3,5,7,7,21
26:24,25 27:9
27:14 28:8
30:6,8 31:24
32:1,3 33:15
33:18,20,20,21
34:22 36:7,11
36:25,25 37:7
37:8,9 39:21
40:18,19,20
41:9,16,18,23
41:25
**Gokana (4)**
1:14 31:9 34:18
37:5
**good (4)**
6:10,13 9:19
10:19
**great (1)**
13:21
**GROSSMAN ...**

2:6
**group (1)**
31:24
**guarantee (1)**
11:22
**guess (1)**
17:11
**guidance (1)**
16:13
**Gunia (5)**
2:13 6:15,23,23
7:1

**H**
**half (1)**
22:6
**halfway (1)**
24:21
**hall (5)**
15:10 19:1
24:20,23 26:9
**hand (4)**
12:7 20:19 24:9
37:15
**handle (1)**
22:8
**happened (1)**
9:6
**happening (1)**
11:20
**happens (2)**
31:23 39:12
**happy (1)**
12:19
**headed (1)**
22:21
**hear (11)**
17:17,21 18:17
18:23 19:5,5
20:1,17 21:8
22:10 23:6
**heard (4)**
17:3 19:11
21:24 27:18
**hearing (23)**
4:3 5:19 7:5,8
7:19,21 8:8

9:10 11:1,17
14:16,18 16:16
20:15 21:7
22:22 31:13
32:10 34:5
36:2,14,17
40:19
**hearings (3)**
17:18 25:15
40:23
**held (2)**
11:7 15:14
**hold (5)**
5:16 11:25
18:20 34:9
37:1
**Holland (2)**
2:15 6:11
**HON (2)**
1:18 4:3
**Honor (69)**
5:4,5,6,14,18,23
5:25 6:24 7:4
8:1,18,23 9:3
9:11,11 10:16
10:21 12:3,6,9
12:12,19 13:5
14:20 15:5,15
17:5,16 18:5
18:16 19:18,19
20:3,13,19,25
21:6 22:3,18
22:24 23:6,7
23:17 24:13
26:5,25 27:22
28:9,18,19
29:12,20 30:13
30:24 31:22
32:19,22 36:20
38:25 39:7,25
40:2 41:11,13
41:15,21 42:2
42:7,10
**Honor's (1)**
21:15
**Hook (1)**
23:20

**hope (1)**
18:6
**hoping (1)**
16:19
**hours (4)**
24:19,21 25:25
26:20
**huge (1)**
19:10
**humanly (1)**
41:23
**husband (13)**
1:11 2:10 20:8
30:7 32:11
34:4,6,10 36:1
36:3,14,18
38:13
**husband's (2)**
27:10 28:21

**I**
**II (1)**
2:11
**image (1)**
23:18
**Impleader (1)**
1:16
**impleading (2)**
20:9 30:9
**important (2)**
26:15 38:4
**imposed (1)**
14:1
**inclined (1)**
12:20
**incomplete (2)**
21:11 33:13
**incorrect (1)**
30:21
**INDEX (1)**
4:1
**inequitable (1)**
21:20
**information (5)**
22:6 29:22,25
31:13 40:5
**Inga (10)**

1:15 3:2 6:5 7:6
7:18,20 8:12
9:2,8 38:1
**initially (1)**
9:20
**initiated (1)**
9:1
**initiative (2)**
11:6 12:12
**insinuate (1)**
5:7
**intend (1)**
36:13
**intended (1)**
17:17
**intends (4)**
32:10 34:5 36:1
36:16
**intent (1)**
22:23
**intention (1)**
18:8
**intentionally (1)**
32:12
**interested (1)**
43:15
**interpretation...**
19:20
**interpreted (2)**
17:22,23
**interpreting (1)**
17:23
**Interrogatorie...**
39:5,6
**Interrogatory ...**
31:7
**Israel (1)**
30:25
**issue (13)**
5:14 7:25 9:7,13
11:6 13:3,8
17:3 18:10
19:4 32:7
37:20 39:4
**issued (1)**
9:14
**issues (4)**

8:5 12:7 14:8
28:2
**issuing (1)**
12:12

---
**J**
---

**January (3)**
9:12,17 33:8
**Jeff (2)**
6:6 34:24
**JEFFREY (1)**
2:5
**jfisher@fisher...**
2:4
**job (3)**
24:11 37:14,14
**Jose (4)**
2:17 6:11 20:3
28:19
**jose.casal@hk...**
2:17
**judge (21)**
5:10 6:9,10,20
8:21 16:24
18:20 19:2,13
23:21 24:2
27:25 28:25
29:6 30:11
31:17 32:14
33:23 34:12,21
40:24
**judgment (3)**
9:5 22:20 26:8
**judicial (2)**
1:1 17:9
**July (3)**
22:18 23:1,4
**jurisdiction (13)**
9:25 16:8 18:22
19:4 20:18
21:8 24:6,15
25:16 26:1
34:8 36:6,6
**jurisdictional ...**
21:1,2,9

---
**K**
---

**KEVIN (3)**
1:24 43:6,24
**kind (1)**
27:12
**kinds (1)**
22:4
**Knight (2)**
2:15 6:11
**know (34)**
9:8 11:14 16:15
18:9,19 19:14
21:9,13,23,25
22:11 23:1,2,6
25:21 26:14
28:1,11 29:24
30:1,3,5,15
33:10 35:2,20
35:20,22 36:19
40:13,17,21
41:9,23
**knowing (2)**
24:20 37:8
**knows (1)**
41:13
**KOPELOWI...**
2:19
**Kozel (24)**
1:5,10,15 3:2
5:18 6:5,6,8,12
7:6,18,20 8:12
9:2,6 11:22
17:1 23:10
24:24 30:7
32:17 33:16
37:8 38:1
**Kozel's (5)**
13:9 24:19 26:7
34:24 36:11
**Kuwait (1)**
33:11

---
**L**
---

**lack (4)**
24:6,14 25:15
40:7
**late (2)**
6:1 7:9

**law (4)**
9:2 12:17 18:3
36:19
**lawyer (3)**
11:10 34:18,21
**lawyers (4)**
13:10 20:7
31:24 39:18
**let's (7)**
12:9,9 25:22
30:16 31:18,18
32:5
**letter (1)**
39:7
**letters (1)**
31:16
**liberally (1)**
9:4
**light (3)**
21:15 27:7
29:11
**LINDSAY (1)**
2:13
**lindsay@foste...**
2:13
**Lindsey (2)**
6:19,23
**line (4)**
16:12 26:3,19
36:7
**list (6)**
35:14,15 37:17
38:2,14,16
**listed (1)**
36:9
**listen (1)**
5:22
**lists (1)**
40:7
**literally (1)**
32:15
**Lithuania (2)**
11:12 13:12
**litigation (1)**
14:6
**little (2)**
24:12 26:11

**live (2)**
11:11,14
**LLC (6)**
1:14,15 2:10,19
36:4 38:2
**LLP (2)**
2:15 3:3
**loans (2)**
33:4,4
**log (2)**
37:19,21
**London (2)**
10:24 11:12
**long (1)**
31:4
**longer (1)**
7:24
**look (2)**
31:19 32:5
**looked (1)**
17:11
**looking (1)**
16:24
**lose (1)**
24:1
**lost (1)**
23:24
**lot (4)**
10:4 19:9 21:17
37:19
**Luttier (2)**
31:20 32:20

---
**M**
---

**making (2)**
6:15 25:9
**management (8)**
16:3 17:4,15
19:8 20:20,25
26:4 28:23
**mandamus (4)**
16:6 17:13
27:24 28:11
**manner (1)**
28:9
**March (10)**
1:21 8:11 9:17

**12:24 15:2**
28:24 29:10
30:20 41:5
43:16
**MARKED (1)**
4:14
**MARRIAGE ...**
1:4
**massive (1)**
34:6
**matter (2)**
18:22 30:7
**matters (2)**
27:17 30:9
**mean (8)**
5:7 17:24 22:18
26:6 27:13
28:4 37:17
38:20
**means (1)**
36:2
**meant (1)**
28:10
**meet (1)**
31:18
**Merit (2)**
1:25 43:6
**merits (6)**
8:16,17 20:17
21:7 25:1 36:5
**Miami (2)**
2:12,16
**Michael (1)**
37:18
**microcosm (2)**
11:21 12:4
**mid-February...**
8:9
**Mike (2)**
34:17 39:13
**MIKUS (3)**
1:24 43:6,24
**mildly (1)**
41:3
**million (2)**
33:2 37:5
**minimum (1)**

29:12
**ministerial (1)**
9:13
**minute (3)**
6:1 14:15 32:2
**misinterpretat...**
17:16
**misinterprete...**
17:14 19:7
**moment (1)**
15:11
**Monday (4)**
13:9 17:10 25:1
39:13
**money (1)**
37:5
**month (4)**
25:19,21 37:4,4
**months (4)**
9:10 11:24 12:1
30:23
**moot (10)**
7:11 8:14 9:21
9:22 10:12
12:21 27:12,20
27:24 28:10
**Morales (3)**
5:9 6:13,15
**morning (4)**
6:10,13 8:8
23:12
**motion (46)**
5:10,11,20 7:5,6
7:11,15 8:7,8
8:13,25 9:23
10:7,19,24
12:10,21 15:18
22:19 24:22
26:22 27:8,11
27:18,22 28:15
28:15,22 30:13
30:18,21 31:6
31:8,9 32:13
33:7 34:9
38:20 39:1,4
39:17 40:3
41:7,12,18,24

**motions (25)**
7:5 12:13 17:17
17:20,21 21:18
22:2 24:5,7,14
25:9,15,23,23
26:22 27:19
29:1,2,3,4,8
30:22 40:14,15
40:16
**move (3)**
26:1,3 37:1
**moved (2)**
16:7 30:24
**Museum (1)**
2:11

_____

**N**

**N (1)**
2:1
**name (4)**
6:19,20,21,25
**NANCY (2)**
1:18 4:3
**necessary (1)**
12:15
**need (11)**
7:12,24 12:11
21:13 23:8
26:2 27:25
28:3,15 30:17
40:25
**needed (2)**
25:14 31:1
**needing (1)**
27:8
**needs (1)**
24:3
**new (16)**
8:4,4 10:14,23
11:14 13:9,10
13:12,13,22
25:5,10 31:24
34:21,21 37:24
**nice (1)**
17:9
**night (6)**
7:21 11:17 12:2

12:4 33:12,12
**noise (2)**
19:9,10
**non-issue (1)**
18:22
**non-substanti...**
17:21
**note (1)**
29:20
**notes (7)**
32:24,25 33:5,6
33:9,12 43:10
**notice (10)**
7:7,7,10,10,17
7:19,22,22
31:6,7
**noticed (1)**
16:15
**November (3)**
9:2 13:16 33:1
**Number (1)**
4:11
**numbers (2)**
35:11 38:16

_____

**O**

**object (5)**
5:23 12:25 13:1
32:3 34:2
**objected (1)**
31:22
**objection (2)**
24:4,13
**objectionable ...**
31:15
**objections (1)**
31:23
**obviously (1)**
20:9
**October (4)**
12:3 32:23
33:24 34:19
**offer (1)**
8:12
**office (6)**
7:9,21 16:11
19:15 31:2,10

**Oh (5)**
10:22 11:18
31:1 33:4,5
**okay (37)**
5:24 7:2,23 8:2
8:6 9:15 10:3,9
13:23 14:2
15:3 16:2 17:2
19:21 20:12
21:21 23:14,16
27:5,6 28:20
30:12,23 32:25
33:7,22 34:11
34:17 36:4,6
37:20 38:7
39:24 41:6,16
42:8,9
**once (2)**
22:11 36:20
**opinions (2)**
30:3,4
**opportunity (4)**
17:25 23:10
24:16 25:3
**opposed (2)**
37:22 41:14
**opposing (5)**
8:10,12,15
15:20 31:17
**order (17)**
9:13,14 11:6
12:2,13 15:17
16:3 17:4
19:23 20:6,11
21:5 32:22
36:20 37:2
38:21 42:3
**ordered (2)**
8:3 33:22
**ordering (1)**
34:22
**orders (2)**
40:20,24
**originally (2)**
28:10 30:23
**OSTROW (1)**
2:19

**ought (1)**
22:16
**outside (1)**
21:9
**overwhelm (1)**
31:12
**Owen (21)**
3:5 5:6,18 6:4,4
7:4,15,17,24
8:7 12:6,19
13:5,8 14:3,20
15:2,5 16:1
42:3,7

_____

**P**

**P (5)**
1:24 2:1,1 43:6
43:24
**P.L (1)**
2:3
**page (4)**
4:2,11 35:11
38:11
**pages (9)**
1:19 32:6 34:19
35:1,5 38:9
40:9,12 43:9
**paid (3)**
22:23 36:22,23
**Palm (1)**
2:4
**Palmetto (1)**
2:20
**parameters (1)**
27:1
**Park (1)**
2:20
**participate (1)**
5:19
**particularly (1)**
25:5
**parties (2)**
40:16 43:12
**parties' (1)**
43:13
**Partridge (5)**
2:6,8 5:4 6:7,7

patch (2)
22:12 23:19
pay (2)
36:18,21
payment (1)
11:24
pending (2)
30:22 33:3
Penthouse (1)
2:11
people (1)
34:20
people's (1)
36:12
period (3)
12:10 13:15
38:22
person (1)
18:24
personal (4)
8:11 24:15
25:16 26:1
personam (1)
19:4
petition (1)
28:5
petitioned (1)
17:12
phone (2)
10:24 20:2
Pitchford (2)
39:10,13
place (1)
15:15
plane (1)
11:18
player (1)
23:23
pleadings (1)
18:9
please (8)
5:2 6:3,22 7:13
26:19 37:15
38:25 39:17
point (1)
21:23
poison (1)

14:5
position (6)
16:13,17 17:1
27:14 28:6,7
possible (1)
41:23
prejudice (1)
41:25
preliminary (1)
37:16
premised (1)
20:16
preparation (1)
20:15
prepare (5)
19:14,16 40:22
41:1 42:3
prepared (3)
5:3 8:17 19:19
present (1)
21:14
presumption (1)
36:21
pretrial (1)
38:21
previously (1)
21:19
primarily (1)
30:6
printout (1)
38:5
prior (2)
20:16 39:20
priorities (1)
26:14
privilege (2)
37:19,21
privileged (1)
37:22
probably (1)
38:8
probative (1)
37:6
problem (3)
16:2 27:15
36:15
procedure (2)

18:4 25:9
proceed (10)
5:8,13,17 7:3
14:19 15:4
22:5 24:5
27:21 41:25
proceeding (4)
9:4 13:13 23:3
25:18
proceedings (9)
1:18 4:1,4 5:1
9:1,8 13:10
42:12 43:8
process (8)
7:6 8:9 10:22,23
13:22 14:10,12
14:24
produce (9)
7:7,10,20,22
30:19 31:6,7
32:12,18
produced (9)
12:3 29:16,21
34:15,19,20
37:18 38:8,13
produces (1)
37:25
production (8)
28:22,25 29:6
29:14 34:22
40:5,9 41:1
prohibition (1)
17:12
promissory (1)
32:25
proper (2)
10:9,18
properly (6)
9:20 10:9,17
38:16 40:22
41:1
proposed (1)
20:6
provided (4)
12:22 13:13
29:25 40:8
providing (1)

14:11
put (4)
24:13 33:20
37:20 41:3

**Q**

quandary (1)
10:3
quash (5)
7:5 8:8 10:19
12:10 15:18
question (1)
18:12
questions (1)
33:21
quickly (1)
21:5

**R**

R (1)
2:1
raise (3)
10:1,2,14
raised (1)
13:8
ranges (3)
29:17,18 40:10
Raton (1)
2:20
re-hearing (1)
22:19
reached (1)
15:17
reaching (1)
30:2
read (2)
18:2,3
ready (6)
14:19 21:16,21
24:7 25:14
27:21
real (1)
37:24
really (6)
21:12 22:6 23:8
38:19,19 41:16
reason (3)

12:22 28:24
32:4
reasons (1)
9:9
Recess (1)
15:14
recognize (1)
8:14
record (4)
15:16 34:23,23
43:10
records (24)
12:1 21:10
32:22 34:16,16
34:17,19,20,22
34:24,24 35:1
35:6,13,17,18
35:22 36:8,9,9
37:18 38:9,13
38:14
reduced (1)
36:9
Reese (2)
3:3 6:4
refused (3)
10:25 21:2,10
regarding (1)
27:18
regardless (1)
15:19
Registered (2)
1:25 43:6
reiterate (1)
20:4
relate (1)
29:1
relating (1)
29:6
relative (2)
43:11,13
relevant (3)
13:24 14:8
17:20
relief (1)
9:5
relying (3)
18:8 30:2 40:18

**remember (1)**
19:10
**reminded (1)**
23:22
**report (1)**
43:8
**Reported (1)**
1:24
**Reporter (4)**
1:25 4:6 43:1,6
**represent (1)**
6:2
**representing (1)**
6:5
**request (13)**
27:16 28:22,25
29:5,9,13,16
29:19 30:11,19
32:18 40:5,8
**requested (1)**
29:5
**requesting (1)**
27:16
**requests (3)**
25:17 40:25
41:2
**reserve (2)**
13:2 15:24
**reserving (1)**
14:1
**residence (1)**
13:15
**respond (14)**
8:15 12:23 13:5
15:21 16:23
28:16 29:9
30:19 31:3
32:7,8 39:1,25
40:4
**responding (1)**
41:8
**response (2)**
20:13 39:11
**responses (4)**
15:22 29:3,13
40:25
**responsive (2)**

29:15,18
**retroactive (1)**
23:2
**reviewing (1)**
17:13
**revised (2)**
35:14,14
**right (18)**
5:19 7:3,16
12:20 14:4
18:11,13 21:24
24:6,23 26:13
27:23 28:14
31:11 32:19
34:14 36:24
42:1
**rights (2)**
14:12 18:14
**Ringling (2)**
1:22 3:3
**RMR (2)**
1:24 43:24
**Road (1)**
2:20
**ROTH (1)**
2:6
**rule (4)**
10:8,18 11:5
16:17
**ruled (4)**
10:12 21:19
22:18 32:19
**rules (3)**
11:16 15:23
18:3
**ruling (5)**
9:21 16:5,19
22:15 27:8
**rulings (2)**
20:16 27:23
**Ryan (2)**
3:5 6:4
**ryan.owen@a...**
3:5
_____
**S**
s (2)

2:1 16:24
**salami (1)**
18:16
**sanctions (7)**
11:8 13:3,25
14:2 15:25
32:14 33:7
**Sarasota (4)**
1:1,22 2:7 3:4
43:4
**sat (2)**
25:7 32:17
**Saturday (2)**
24:25 26:17
**save (2)**
12:9,18
**saying (10)**
8:13 11:11,13
11:14,18 14:1
14:25 18:5
21:6 22:3
**says (7)**
9:7 11:3 24:2
30:21 32:22
33:4 37:25
**scan (2)**
35:10 38:15
**scheduled (2)**
30:23 41:20
**school (1)**
23:11
**Schwartz (23)**
2:22 5:25 6:1
16:23 17:5,6,7
17:9 18:11,16
18:20 19:1,6
19:13,22 26:4
23:17,25 26:9
28:6 30:25
39:8 41:7
**schwartz@kol...**
2:21
**seated (1)**
5:2
**second (12)**
2:7 9:20 16:5,6
16:14 18:8

28:22,24 29:5
31:5,5 37:16
**see (5)**
30:16 31:19
37:22 38:5
41:24
**seeking (1)**
40:20
**sees (1)**
10:22
**send (1)**
34:7
**sent (3)**
32:18 35:12
39:6
**September (1)**
22:21
**serious (1)**
13:3
**Serrano (1)**
16:10
**served (14)**
8:14,20 9:14,14
9:20 10:9,17
13:24 14:17,24
15:1,6 30:19
41:4
**server (2)**
10:23 13:22
**servers (1)**
10:23
**service (15)**
5:12,13 7:6 8:8
8:12 9:19,19
10:8,19 12:10
15:18,19,20
35:8 38:15
**set (7)**
5:11 7:4 8:7
11:1 21:17
26:6 27:17
**SETAI (1)**
1:14
**seven (3)**
29:10,10 31:3
**sheet (1)**
37:25

**short (3)**
35:24 37:7
38:22
**shorten (8)**
27:11 28:15
30:18 31:7,8,9
39:1,18
**shortened (2)**
29:8 40:4
**shortening (1)**
34:3
**show (8)**
11:7,8 12:13
33:15,18 36:7
37:9,12
**shrunk (1)**
35:17
**side (3)**
23:4 37:12
38:24
**simple (1)**
40:3
**single (3)**
35:21 37:4,7
**sir (1)**
17:8
**sit (2)**
8:23 31:18
**six (1)**
12:1
**slapped (1)**
28:11
**slow (1)**
34:13
**small (2)**
31:12 36:24
**SOCKEL-ST...**
2:10
**somebody (1)**
17:11
**somewhat (1)**
27:13
**sooner (1)**
32:8
**sorry (4)**
6:23 7:14 14:25
19:7

**sort (3)**
5:12 23:22 24:2
**sought (1)**
13:10
**South (1)**
2:3
**speak (7)**
15:10 17:7
   23:10,12 26:2
   28:1,3
**specially (1)**
5:11
**specific (1)**
29:7
**specifically (3)**
30:1,3,4
**specificity (1)**
36:10
**spell (1)**
6:25
**spending (1)**
37:3
**spring (1)**
26:12
**stall (1)**
24:3
**stamp (1)**
40:10
**stand (1)**
33:20
**standing (3)**
6:16 9:7 20:14
**start (2)**
23:5 24:17
**state (5)**
1:1 15:19,24
   41:13 43:3
**stated (1)**
20:5
**States (1)**
14:11
**statutory (2)**
22:25 23:5
**stay (10)**
21:18,20 22:1
   24:7 25:23
   26:22 27:18

29:4 30:21
   39:21
**stenographic (1)**
43:10
**Stenographic...**
1:24
**stick (1)**
14:8
**stonewalled (1)**
38:23
**story (1)**
33:11
**strategy (4)**
14:6 20:15,24
   22:10
**Street (2)**
2:7,11
**strike (3)**
5:12 7:7,15
**stuff (2)**
26:23 38:2
**subject (1)**
18:21
**submission (1)**
42:4
**submissions (1)**
16:18
**submit (1)**
20:6
**submitted (2)**
19:23 40:8
**subpoena (1)**
39:13
**subpoenaed (1)**
34:17
**subsequent (1)**
17:24
**substance (1)**
13:19
**subtract (1)**
38:18
**sufficient (1)**
14:24
**suggest (2)**
24:10 25:22
**suggested (1)**
28:9

**Suite (6)**
2:3,7,11,15,20
   3:3
**summarizes (1)**
19:23
**summary (1)**
9:4
**Sunday (2)**
24:25 26:17
**supplementar...**
9:1,8
**support (8)**
11:24 32:11
   34:5 36:3,14
   36:17,18,23
**supported (2)**
12:15,16
**supposed (1)**
37:13
**sure (1)**
22:8

---
        **T**
**tactic (2)**
23:3 31:11
**tactics (1)**
24:10
**take (21)**
10:4,5,24 18:1
   20:9 21:17,22
   21:22 22:9
   23:13 24:16,16
   24:19 25:3
   27:1,14 33:5,8
   34:1 38:1 39:9
**taken (4)**
10:4 16:6 26:8
   35:16
**takes (2)**
23:1 26:11
**talk (2)**
28:7,12
**talked (1)**
18:14
**talking (3)**
11:3,4 34:12
**task (1)**

9:13
**technology (1)**
35:9
**telephone (4)**
2:13,17 5:21
   10:25
**tell (13)**
18:2 19:14
   25:25 32:3
   33:14,14,16,18
   33:19 34:1
   35:21 37:6
   39:19
**telling (2)**
17:10 25:13
**ten (1)**
31:16
**tennis (2)**
23:23,25
**term (1)**
40:7
**terms (1)**
19:11
**terrible (1)**
11:15
**test (2)**
41:14,14
**testify (1)**
41:12
**testimony (2)**
10:25 35:23
**thank (16)**
7:2,4,23 8:2
   15:13 19:6,13
   19:19 27:5
   28:19 30:17
   35:2 39:23
   42:8,9,10
**thing (12)**
9:6 10:2,11,21
   11:20 22:13,24
   29:20 31:11
   34:11,12 36:8
**things (9)**
21:11,14 25:13
   27:16 32:24
   37:21 38:3,17

38:18
**think (26)**
5:10,16,18
   10:15 14:12,17
   14:21 15:3
   18:4,12,21
   19:22 21:13
   23:8,20 27:12
   28:9 29:11,21
   31:21 37:2
   39:2 40:13
   41:18 42:5,7
**thinking (1)**
24:25
**thousand (2)**
35:6 38:9
**three (4)**
11:24 17:19
   19:15 35:4
**tied (1)**
22:12
**time (39)**
8:10,22 9:24
   10:4,5,6 12:9
   12:18 20:20
   21:17 24:3
   25:2,11,14,17
   25:20 26:4,25
   27:11 28:15
   29:8 30:18,20
   31:2,5,7,8,9
   34:3 35:10,12
   38:16,17,22
   39:1,2,18 40:4
   42:8
**times (1)**
14:7
**title (1)**
38:1
**today (4)**
5:11 7:5 11:1
   23:11
**today's (1)**
5:19
**Todd (6)**
1:10 6:12 9:6
   11:22 33:16

38:1
**told (2)**
25:6 26:16
**tomorrow (5)**
24:24 26:13,17
39:20 41:22
**Tower (1)**
2:11
**track (1)**
22:17
**transcript (2)**
1:18 43:9
**trial (5)**
19:16 25:1,19
34:10 36:5
**tried (1)**
24:17
**trouble (1)**
5:15
**true (5)**
13:16,17,18
14:7 43:9
**Trust (3)**
1:14 34:18 37:5
**trusting (1)**
38:15
**try (4)**
10:14 23:4 26:1
31:19
**trying (5)**
14:7 19:16 24:3
24:11 25:12
**Tuesday (5)**
16:10 22:9
23:13 36:23
39:19
**TWELFTH (1)**
1:1
**two (8)**
6:1 7:5 9:23
10:23 25:19
26:11 29:23
41:8
**two-and-a-hal...**
9:10
——————
U

**Ulrich (2)**
39:10,14
**understand (4)**
14:4,9 18:4
36:19
**understood (1)**
19:12
**United (1)**
14:11
**universe (1)**
35:18
**unnecessarily ...**
10:6
**use (13)**
21:25 22:1 26:4
32:10 33:15
34:5,23 36:2
36:11,13,16
37:7 41:9
——————
V

**vacation (1)**
6:16
**valuable (1)**
34:7
**various (1)**
29:7
**Venetian (1)**
18:16
**videotape (1)**
33:19
**Volume (1)**
1:19
——————
W

**W (1)**
3:5
**wager (1)**
36:24
**wait (2)**
14:15 16:15
**walk (1)**
11:22
**walked (1)**
6:1
**want (19)**
8:16,21 9:21

10:2,3,5 14:4
20:1,4 21:8,9
22:5 24:9
26:10 32:2
37:11 39:3,9
41:6
**wanted (2)**
24:23 25:4
**wanting (1)**
19:11
**wants (14)**
5:20 8:23 9:18
10:7,12,16
12:9 17:3 23:7
24:4,5,13
36:22 37:21
**wasn't (1)**
30:15
**waste (1)**
8:22
**way (13)**
8:5 11:25 16:9
19:25 20:11,13
21:6 22:21
24:4 25:14
34:12 36:19
38:18
**we'll (8)**
11:18 19:1,18
20:9 24:7,16
26:4 41:24
**we're (27)**
9:17 13:21
14:17 16:19
18:5,17 22:9
23:7,17 24:3
25:13,14 26:3
26:24 27:2,16
28:8 32:3
34:22 36:7,25
37:13 39:20
40:3,13 41:16
41:25
**We've (1)**
24:17
**Wednesday (1)**
1:21

**week (15)**
9:19 11:21,23
16:20 18:18
20:15 21:14
25:16,23 27:15
27:18 30:24
31:2 41:10,25
**week's (1)**
7:19
**weekend (1)**
26:14
**weeks (4)**
9:23 24:14
25:19 39:9
**WEISELBER...**
2:19
**welcome (2)**
35:4 42:11
**went (4)**
22:20 25:8
34:25 35:5
**wep@grossm...**
2:8
**weren't (1)**
5:8
**West (5)**
1:15 2:4,11,19
6:2
**wife (7)**
1:7 2:2 28:16,23
28:25 32:10
36:16
**wife's (1)**
32:13
**willfully (1)**
32:12
**WILLIAM (1)**
2:8
**win (1)**
12:19
**wishes (1)**
20:10
**withdraws (1)**
32:20
**withdrew (2)**
7:10,21
**witnesses (3)**

29:23,23 30:1
**woman (1)**
37:23
**woods (1)**
41:17
**words (1)**
20:24
**work (4)**
10:12 20:7 38:6
39:18
**working (1)**
35:8
**works (1)**
6:18
**worth (1)**
38:6
**wouldn't (2)**
25:7 28:4
**wrist (1)**
28:12
**writ (6)**
16:6,8 17:11,12
27:24 28:10
**writing (1)**
26:21
**wrong (7)**
11:15,19 14:13
17:23 18:2
31:3 38:22
**wrote (1)**
31:17
——————
X
——————
Y

**yeah (2)**
26:12 27:12
**year (3)**
22:19,22 37:4
**yesterday (3)**
7:9 8:13 39:12
**York (14)**
8:4,4 10:23
11:14 13:9,10
13:12,13,22
25:5,10 34:21
34:21 37:24

**Z**

**0**

**1**

**1 (3)**
1:19,19 43:9
**10 (2)**
31:21 32:6
**10,000 (1)**
11:3
**10:10 (1)**
15:14
**10:12 (1)**
15:14
**10:48 (2)**
1:21 42:12
**100,000 (1)**
38:6
**103 (1)**
2:20
**12.75 (1)**
37:5
**13 (4)**
8:15 12:23 13:1
  15:21
**14th (1)**
28:24
**150 (1)**
2:11
**1515 (1)**
3:3
**18 (3)**
1:15 2:19 36:3
**1800 (1)**
2:7
**19 (1)**
12:3
**19th (5)**
32:23 33:8,24
  39:7,7
**1st (1)**
29:14

**2**

**2 (1)**
35:21

**20 (3)**
12:24 15:8 33:9
**20,000 (1)**
34:25
**200 (1)**
2:20
**2002 (1)**
1:22
**2010DR8976N...**
1:2
**2016 (2)**
1:21 43:16
**20th (1)**
33:1
**212 (10)**
1:15 2:19 6:2
  31:6,8 34:10
  34:18 35:11
  36:3,15
**219 (1)**
35:12
**22 (1)**
40:9
**22,000 (2)**
34:19 35:5
**22nd (3)**
29:10 30:20
  41:5
**23rd (3)**
8:11 12:24 15:2
**24 (2)**
25:25 26:20
**28 (1)**
38:11
**29 (1)**
38:11
**2950 (1)**
2:11

**3**

**30 (3)**
1:21 32:7 38:11
**30,000 (1)**
11:4
**305.577.0090 (1)**
2:12
**305.789.7713 (1)**

2:16
**30th (1)**
43:16
**31 (1)**
38:11
**33 (1)**
38:11
**3300 (1)**
2:15
**33130 (1)**
2:12
**33131 (1)**
2:16
**33401 (1)**
2:4
**33432 (1)**
2:20
**34 (1)**
38:11
**34236 (2)**
2:7 3:4
**35 (1)**
38:11
**36 (1)**
38:11
**3601 (3)**
1:14 31:9 34:18

**4**

**40,000 (1)**
11:4
**400,000 (1)**
37:3
**42 (1)**
43:9
**43 (2)**
1:19 4:6
**450 (1)**
2:3

**5**

**5 (1)**
4:4
**501 (1)**
2:3
**561.910.3070 (1)**
2:21

**5629 (3)**
22:23,25 26:9
**57.105 (1)**
11:5
**5th (1)**
7:19

**6**

**600 (1)**
31:21
**6A (1)**
1:22

**7**

**700 (2)**
3:3 31:21
**701 (1)**
2:15
**777 (1)**
2:7

**8**

**8 (1)**
33:2
**800 (1)**
40:11
**87 (1)**
35:12

**9**

**9:56 (1)**
1:21
**900 (2)**
35:7 40:11
**91 (1)**
35:12
**941.316.7600 (1)**
3:4