1

1

2  SUPREME COURT OF THE STATE OF NEW YORK
   NEW YORK COUNTY:  CIVIL TERM:  PART 46
3  - - - - - - - - - - - - - - - - - - - - - - -X
   ASHLEY D. KOZEL,
4                          Plaintiff,

5                                    INDEX NUMBER:
            - against -             350045-015
6

7  TODD KOZEL,
                          Defendant.
8  - - - - - - - - - - - - - - - - - - - - - -X
                          Supreme Court
9                         71 Thomas Street
                          New York, New York 10007
10
                          June 28, 2016
11
   BEFORE:
12
                HONORABLE LUCY BILLINGS,
13                      Justice of the Supreme Court

14  APPEARANCES:

15  MEISTER SEELIG & FEIN
    Attorneys for the Plaintiff
16  140 East 45th Street
    New York, New York 10017
17  BY:  KEVIN A. FRITZ, ESQ.

18  LAW OFFICES OF CINQUE & CINQUE
    Attorneys for Inga Kozel
19  845 Third Avenue
    New York, New York 10022
20  BY:   JAMES P. CINQUE, ESQ.

21  GUZOV, LLC
    Attorneys for Inga Kozel
22  805 Third Avenue
    New York, New York 10022
23  BY:  DAVID J. KAPLAN, ESQ.
    ----------------------------------------------------------
24         Claudette Gumbs, Official Court Reporter
                    60 Centre Street
25            New York, New York 10007
                    646.386.3693
26

*Claudette Gumbs*

Proceedings

1          THE COURT:  Can we first sort out who is

2   representing Inga Kozel in this action?

3          MR. KAPLAN:  Your Honor, my name is David

4   Kaplan with Guzov, LLC.

5          As you know, this firm has filed a motion to

6   withdraw.  Sitting next to me is Mr. Jim Cinque of

7   Cinque and Cinque PC, who filed a notice of conditional

8   appearance.

9          THE COURT:  Whatever that means.

10         MR. KAPLAN:  Indeed, your Honor and he is

11  to the best of my knowledge appearing on behalf of

12  Ms. Kozel.  So at present, I would suggest that one of

13  the things we might profitably do this morning is

14  dispose of our firm's motion to withdraw as counsel as

15  well.

16         THE COURT:  Can we execute a substitution of

17  counsel?

18         MR. CINQUE:  Your Honor, I think we can give

19  access to the files.

20         What had happened was, I got a call on a

21  Tuesday evening right before Memorial Day.  I was

22  leaving for a week and I was told about this lawsuit.

23  I spoke with the client very briefly and that is when I

24  filed my notice of conditional appearance.  I was told

25  there were many deadlines and motions and I said I

*Claudette Gumbs*

| | |
|---|---|
| 1 | Proceedings |
| 2 | could come in now.  I know nothing about the case, I |
| 3 | had a five-minute phone call, so I know there were |
| 4 | things that had to be covered.  If I get the files |
| 5 | from the Guzov firm, I think I can file a substitution |
| 6 | within a week or two.  I don't know how voluminous they |
| 7 | are, but I will read it expeditiously and I will have |
| 8 | the client sign a substitution of counsel. |
| 9 | THE COURT:  The motion is returnable |
| 10 | sometime in August. |
| 11 | MR. CINQUE:  Yes.  August 2nd, I believe. |
| 12 | MR. KAPLAN:  That's correct, your Honor. |
| 13 | MR. CINQUE:  So if I just have a reasonable |
| 14 | period of time, I could accomplish that. |
| 15 | I just don't want to walk into a case and |
| 16 | find out tomorrow there is a motion. |
| 17 | THE COURT:  So who will proceed on her |
| 18 | behalf this morning? |
| 19 | MR. CINQUE:  Well, your Honor, I can deal |
| 20 | with some procedural issues, but as far as the facts, |
| 21 | maybe I will defer to the Guzov firm, because I don't |
| 22 | know the facts as well as they do. |
| 23 | THE COURT:  Your opposition papers pretty |
| 24 | much repeat one another. |
| 25 | MR. KAPLAN:  The client has not been in |
| 26 | contact with the Guzov firm for nearly a month at this |

1                    Proceedings

2      point.

3              You know, I am prepared to stand on the

4      procedural arguments made in our papers, except with

5      respect to the Fifth Amendment privilege issue as to

6      which Guzov cannot take a position.

7              So if --

8              THE COURT:   How do you want to proceed, Mr.

9      Cinque?

10             MR. CINQUE:   Thank you.   Cinque.

11             THE COURT:   Oh.   I thought it was 5.

12             MR. CINQUE:   It is, but -- it is actually 5

13     in Italian, but we have Anglicized it over the years.

14     I am prepared to address the motion.

15             THE COURT:   Is that satisfactory with every

16     one despite the absence of the substitution of counsel?

17             MR. FRITZ:   Judge, as long as it doesn't

18     delay any of the proceedings, including the deposition

19     scheduled for July, that is okay.

20             THE COURT:   I -- the failure to allow the

21     ten days for a motion -- ten days to respond to a

22     motion for contempt gave me pause; thinking I didn't

23     look this up because I was so meticulous about that and

24     I believe it is correct that the Court may shorten that

25     time and basically, my objective in setting today as

26     the return date was simply to find a date before

| | |
|---|---|
| 1 | Proceedings |
| 2 | July 12th that I could squeeze you in. |
| 3 | If you want two more days to respond, I will |
| 4 | give you that. |
| 5 | MR. CINQUE:   Your Honor, I don't think we |
| 6 | need it, but it is just that the facts of the case are |
| 7 | that the client is in Europe. |
| 8 | THE COURT:   I know, and so, I have no |
| 9 | affidavit on personal knowledge that she has been in |
| 10 | Europe.  I have no affidavit on personal knowledge that |
| 11 | she was not served.  I don't actually have an affidavit |
| 12 | of service of the order to show cause. |
| 13 | MR. FRITZ:   May I hand this up? |
| 14 | THE COURT:   There is no contest about the |
| 15 | service of the 2016 subpoena, right? |
| 16 | MR. CINQUE:   I would have to defer to |
| 17 | counsel. |
| 18 | THE COURT:   I don't see you disputing that. |
| 19 | You're only disputing service of the order to show |
| 20 | cause. |
| 21 | MR. CINQUE:   I have no idea about how the |
| 22 | subpoena was served. |
| 23 | THE COURT:   In your opposition -- |
| 24 | MR. CINQUE:   In my opposition, no.  Because |
| 25 | I don't know, no -- |
| 26 | MR. FRITZ:   May I hand up -- |

*Claudette Gumbs*

Proceedings

1                             

2          MR. CINQUE:  But in my opposition, I do

3    claim that she is a Lithuanian citizen and --

4          THE COURT:  We know all that.

5          MR. CINQUE:  But service without --

6          THE COURT:  She has given us so many

7    conflicting stories about her residence in the last six

8    months, it is absurd.

9          MR. CINQUE:  But one thing is sure.  She is

10   not a New York resident.

11         MR. FRITZ:  Your Honor, she submitted an

12   affidavit in March saying that she is now a New York

13   resident so she can get fertility treatments.

14         MR. CINQUE:  She didn't say she was a

15   resident.  She said she was here temporarily to get

16   fertility treatments.

17         MR. KAPLAN:  Mr. Cinque is correct about

18   that.  The -- Ms. Kozel withdrew her contest to the

19   service of the October subpoena.

20         THE COURT:  And she entered into a

21   stipulation?

22         MR. KAPLAN:  Correct.

23         THE COURT:  And subjected herself to the

24   Court's jurisdiction, at least for purposes of that

25   subpoena.

26         MR. KAPLAN:  -- of the first subpoena.

*Claudette Gumbs*

1                       Proceedings

2          THE COURT:   Correct.   Now, if you're saying

3  with respect to the second subpoena that she is now no

4  longer a resident, you're not contesting that that

5  subpoena was adequately served, and so --

6          MR. CINQUE:   Your Honor, if it was left in

7  New York, which I believe was the case and again, I am

8  sorry, but I don't know how that was served.

9          THE COURT:   Your opposition does not contest

10  service of the 2016 subpoena, so end of story with

11  regard to that.

12          And I do have an affidavit here of substitute

13  service at 212 West 12th -- Apartment 14 CD.

14          MR. CINQUE:   But if she is not a New York

15  resident, your Honor --

16          THE COURT:   I don't have an affidavit from

17  her to that effect.

18          MR. CINQUE:   As Exhibit B --

19          THE COURT:   That this person, she does not

20  reside there, that this person who was served is not a

21  person of suitable age and discretion at her residence.

22          MR. CINQUE:   Your Honor, as Exhibit B to the

23  moving papers, they submitted a prior affidavit of Mrs.

24  Kozel when she said she is a citizen of Lithuania and

25  has two homes; one in Lithuania and one in London.   She

26  only resided here as a pied-a-terre.

*Claudette Gumbs*

1     Proceedings

2           THE COURT:   And submitted a further

3     affidavit saying she lived here, was receiving

4     fertility treatments in New York and she intended to

5     stay here for the foreseeable future.

6           MR. CINQUE:   I didn't see an affidavit like

7     that, your Honor.

8           THE COURT:   It is not one in these papers

9     but we have had plenty of litigation over her

10    residence.  At most, I would order a hearing, but I

11    don't believe and think that you have raised enough

12    ground for a hearing, because you have no affidavit

13    from her --

14          MR. CINQUE:   All she says in her affidavit

15    is that she is doing fertility treatments.

16          THE COURT:   -- or anyone familiar with her

17    living circumstances.

18          MR. CINQUE:   Your Honor, all we have is that

19    she is doing fertility treatments in New York.

20          THE COURT:   Right, and she commutes back on

21    a weekly basis for those treatments?   I don't -- that

22    is not what she says.

23          MR. CINQUE:   I didn't say she did, your

24    Honor.  She said she lives in London, which is where

25    she is now.

26          THE COURT:   Previously.  We have heard

*Claudette Gumbs*

1                        Proceedings

2     plenty of stories from her.

3              MR. CINQUE:   Your Honor, she is a Lithuanian

4     citizen and we have to follow the Hague Convention.

5              THE COURT:   Doesn't matter that she is a

6     Lithuanian citizen.   There is no point in revisiting

7     all of this.

8              I didn't understand what you were saying.   I

9     guess it is in your affirmation, not in the

10    memorandum -- maybe it is the other way around.   See,

11    we are not seeking, as far as -- we don't have any

12    current facts that tell us that plaintiff in this

13    action is seeking disclosure from a non-party in a

14    foreign jurisdiction.   Plaintiff is seeking disclosure

15    here in New York from a non-party.

16             So you know, all of this law that you cite

17    about the Hague Convention and so forth is not -- is

18    not supported by the facts.

19             MR. CINQUE:   Your Honor, there is no doubt

20    she is a Lithuanian citizen.   There is no evidence to

21    the contrary.

22             THE COURT:   Just being a Lithuanian citizen

23    does not then transform plaintiff's quest for

24    disclosure into seeking disclosure in Lithuania.

25             MR. CINQUE:   The cases that I cited in my

26    brief try to do that, to get discovery from an Italian

1              Proceedings

2    citizen and the Court said you have to follow the Hague

3    Convention.

4              THE COURT:    It is in your memorandum where

5    you say Ms. Kozel instructed counsel, meaning Inga

6    Kozel, I assume, instructed counsel to serve responses

7    and objections that they had drafted, but for reasons

8    only known to counsel they were not served.

9              Which counsel?

10             MR. CINQUE:   I don't want to divulge any

11   attorney/client privilege.   I don't know if you want to

12   hear this in chambers or --

13             THE COURT:    Which -- when you say Ms. Kozel

14   instructed counsel --

15             MR. CINQUE:   The Guzov firm.

16             THE COURT:    Are you talking about yourself?

17             MR. CINQUE:   The Guzov firm.

18             THE COURT:    And I assume you did not serve

19   them because you could not get -- could not communicate

20   with your client?

21             MR. KAPLAN:   Again, your Honor, I am happy

22   to give a fuller recitation of the facts off the record

23   or in camera.   I don't want to divulge attorney/client

24   privileges, but I can tell you we strongly differ with

25   what is set forth in Mr. Cinque's brief on that point.

26             THE COURT:    The bottom line is, if you have

1          Proceedings

2     -- these are responses and objections to the 2016

3     subpoena, is that correct?

4          MR. KAPLAN:    That's correct, your Honor and

5     a further point.

6          Beyond the responses and objections, we were

7     also obligated under the subpoena to serve documents

8     responsive by May 31 and we had no documents.  So

9     really, whether or not or objections were served is a

10    red herring.  She would still be in contempt for her

11    failure to provide responsive documents to the

12    subpoena.  As of May 31 she never provided those

13    documents.

14         MR. CINQUE:  Judge, I disagree with that.

15         THE COURT:  So you're free to -- you know,

16    serve objections or responses to the 2016 subpoena, but

17    so far, you have not.  So far, I don't have anything

18    that shows that she was not duly served -- nothing on

19    personal knowledge that she was not served pursuant to

20    CPLR 308 at a residence of hers in New York and she has

21    not complied with the subpoena.

22         MR. CINQUE:  Judge, I would be prepared to

23    respond if I have a reasonable opportunity to look at

24    the file and then I would prepare a response.

25         THE COURT:  All right.  So I am going to

26    grant the motion for contempt of my April --

*Claudette Gumbs*

1        Proceedings

2            MR. FRITZ:  I believe it is 22, your Honor.

3            THE COURT:   April 22nd.

4            MR. CINQUE:   Your Honor, may I be heard on

5        one other point?

6            THE COURT:   Sure.

7            MR. CINQUE:   One of the points I raised in

8        the brief is since she is not a party to this

9        proceeding, which is actually against --

10           THE COURT:   As far as the April 22nd order

11       is concerned, she subjected herself to this Court's

12       jurisdiction by stipulating to the disclosure that is

13       sought and that is enforced by that April 22, 2016

14       order.

15           MR. CINQUE:   But she is not a party.  I have

16       given you about ten cases that she is -- a special

17       proceeding has to be commenced in order to held her in

18       contempt.

19           THE COURT:   What they seem to say -- they

20       are very old and a lot of them not appellate authority.

21       They seem to say that either she must be served

22       personally, or she has to be a party in a proceeding.

23       In any event, she -- I am repeating myself.  She

24       subjected herself to this Court's jurisdiction for

25       purposes of the 2015 subpoena that she stipulated to

26       comply with and I then enforced by my April 22, 2016,

*Claudette Gumbs*

Proceedings

order.  So the -- the 2016 subpoena I am treating

separately.  But --

MR. CINQUE:  So this order, your Honor, just

goes to the 2015 --

THE COURT:  I am not sure.  I mean, I am not

-- what is your reply to that, Mr. Fritz, as far as the

2016 order and your bringing a separate proceeding to

enforce her contempt of that -- to enforce her

compliance with that subpoena as opposed to doing it in

this action?

MR. FRITZ:  Your Honor, in the letter I faxed

last night, I cited First Department cases where a

non-party was held in contempt.  I am happy to give you

those citations or hand up the cases to your Honor,

whichever you prefer.

THE COURT:  Of a subpoena?

MR. FRITZ:  A -- I don't know they would

necessarily limit it to a subpoena, but they were held

in contempt.

THE COURT:  In the context of non-party

disclosure?

MR. FRITZ:  In the underlying action,

correct.

MR. CINQUE:  It could be that the non-party

didn't make that objection, your Honor.  The cases

*Claudette Gumbs*

1        Proceedings

2    that I submitted to you, the party objected -- excuse

3    me, the non-party objected and the Court said that you

4    have to start a special proceeding.

5            MR. FRITZ:    I am happy to hand up the cases.

6            THE COURT:    Where does that get you?

7            MR. CINQUE:    She is entitled to notice.

8            MR. FRITZ:    She got the order to show cause.

9            THE COURT:    She received notice by personal

10   service.

11           MR. CINQUE:    Judge, I submit they have to

12   bring --

13           THE COURT:    You're not contesting the

14   service of the subpoena itself?

15           MR. FRITZ:    He is also not contesting that

16   she failed to comply, your Honor.

17           MR. CINQUE:    I think I said it a few times,

18   but I am submitting she is not a New York resident, so

19   they can't serve her by the doorman.

20           THE COURT:    You, though, have the personal

21   knowledge to say that?

22           MR. CINQUE:    But I have her previous

23   affidavits that they submitted, saying she does not

24   live in New York.

25           THE COURT:    And we have in this action

26   subsequent affidavits saying she does live here.

*Claudette Gumbs*

1                                 Proceedings

2          MR. CINQUE:   Your Honor, I don't think that

3 is -- respectfully, I don't think that is what her

4 affidavit says.   I think she came here for fertility

5 treatments.   She lives in London and Lithuania.   That

6 is where she owns homes, in London and Lithuania.

7          THE COURT:   You can have a residence in more

8 than one place.   We are not talking about domicile

9 here.

10          MR. FRITZ:   We have been over this before.

11 Before Mr. Cinque interrupted, your Honor, you were

12 saying you were granting the motion for contempt.

13          MR. CINQUE:   Relating to the first subpoena.

14          THE COURT:   What is your position about the

15 separate proceeding?   So Mr. Fritz will bring a

16 separate proceeding?

17          MR. CINQUE:   That is fine, and we will deal

18 with it.

19          MR. FRITZ:   Your Honor, no, no.

20          THE COURT:   Why -- how does that get her any

21 relief?

22          MR. CINQUE:   She is entitled to due process.

23          MR. FRITZ:   It is a waste.

24          (Pause in proceedings.)

25          MR. FRITZ:   As your Honor correctly said, she

26 appeared in this proceeding in response to the

```
 1                        Proceedings
 2    subpoena.    She stipulated to producing documents and
 3    appearing for a deposition.
 4           THE COURT:    There is no question with regard
 5    to the 2015 subpoena.
 6           MR. FRITZ:    Okay.   I have not moved for
 7    contempt on the 2016 subpoena yet.
 8           THE COURT:    I know, but you're moving to
 9    enforce it.
10           MR. FRITZ:    Yes.
11           THE COURT:    Right?
12           MR. FRITZ:    Yes.   There is no question that
13    this Court has jurisdiction over that.
14           THE COURT:    Of --
15           MR. FRITZ:    Over the 2016 subpoena.
16           THE COURT:    I think so.
17           MR. FRITZ:    You do think so.
18           THE COURT:    It has never come up before.   It
19    happens all the time, where non-parties are served
20    with, you know, non-party disclosure requests.
21           MR. CINQUE:    But if you want to enforce the
22    subpoena, you have to bring a special proceeding.
23           THE COURT:    He is not --
24           MR. FRITZ:    That is not correct.
25           THE COURT:    I don't think so.
26           MR. FRITZ:    He is not correct.
```

Proceedings

1                                          Proceedings

2           MR. CINQUE:   I cite ten cases saying you --

3           THE COURT:   Ten cases from the 19th century.

4           MR. CINQUE:   With all due respect, the

5  Rosenberg case I cited, a 1990 case from the First

6  Department -- sorry, that was -- I am sorry, I cited

7  the Rosenberg case -- was not that old.   I cited a

8  2016 case from this Court.   Rosenberg was '81.

9           MR. FRITZ: Your Honor, I have the Appellate

10 Division authority to the contrary.   It -- the amount

11 of time that this woman has wasted for this Court --

12 and filed probably no less than ten different motions,

13 I have never seen anything like this in approximately

14 12 years of practice.

15          Now there is the shell game as to who her

16 counsel is.   He does not dispute that she was served

17 with the order to show cause.   Or he can't, because

18 she submitted an affidavit that she lives here in New

19 York.   He does not dispute that she failed to comply

20 with it.

21          So what are we talking about here?   More

22 games.

23           MR. CINQUE:   Your Honor, she is entitled to

24 due process, as the cases say.

25           THE COURT:   I focused on this previously.

26 Al of your authority says when discovery is sought from

1                        Proceedings

2       a non-party in a foreign jurisdiction.    That is not

3       what is happening here.

4              MR. CINQUE:    Well it is a non-party and she

5       is in Lithuania and the cases that I cite about the

6       special proceeding are nothing to do with where the

7       residence is.   They just say if you're being -- there

8       is an attempt to hold someone in contempt who is not a

9       party, you have to proceed.   It is mandatory.

10             THE COURT:    All of the authority with regard

11      to the contempt is with regard to a contempt motion --

12      a motion for contempt of a proceeding for contempt.

13             MR. CINQUE:    That is what what we are doing.

14             THE COURT:    She is not moving for contempt

15      of the 2016 subpoena.

16             MR. FRITZ:   That's correct, your Honor.

17             MR. CINQUE:    So we are limited to the 2015,

18      your Honor.

19             If I have a reasonable period of time, I can

20      get responses and objections in.

21             MR. FRITZ:   Your Honor, she had --

22             MR. CINQUE:    Excuse me.

23             THE COURT:    My order will require her to

24      comply with the April 22, 2016 order.   And if she does

25      not, then she will be fined and possibly imprisoned.

26             MR. CINQUE:    Okay.

*Claudette Gumbs*

Proceedings

1

2          MR. FRITZ:  Your Honor, you already ordered

3      her to do that.

4          THE COURT:   I know.

5          MR. FRITZ:  So why -- she does not get a

6      second bite at the apple.  She is playing a shell game

7      with respect to her counsel.

8          THE COURT:   You are just saying I should

9      impose the fine for every day?

10         MR. FRITZ:  That has been going on since

11     October.  This is ridiculous.

12         THE COURT:   That is probably what I should

13     do.

14         MR. CINQUE:   We should have a hearing if

15     you're going to fine her.

16         MR. FRITZ:  This is the hearing.

17         THE COURT:   You have not raised any facts.

18         MR. CINQUE:   We can have an in-camera

19     discussion and talk about it.  That is the 2016

20     subpoena.  The objections and the responses have to do

21     with the 2016 subpoena.

22         MR. CINQUE:   Sorry.

23         THE COURT:   I am holding her in contempt of

24     my April 22, 2016 order.  So as far as I am concerned,

25     the deposition is still going to go forward on the

26     12th, and if there are any questions about serving the

*Claudette Gumbs*

Proceedings

1
2   order to show cause, I guess you could serve her there,
3   but absent any objections or responses to the 2016
4   subpoena, I will require her to comply with that.
5               How long does she need to do that?
6               MR. FRITZ:  She has already had about seven
7   weeks.
8               MR. CINQUE:  Your Honor, I don't know how
9   voluminous the files are.
10              THE COURT:  Twenty days from today.
11              MR. CINQUE:  All right.
12              THE COURT:  Let's see.  You want those
13  documents also before July 12th.  She has had the
14  subpoena for seven weeks now.
15              THE COURT:  So ten days --
16              MR. CINQUE:  Your Honor --
17              THE COURT:  -- from now.
18              MR. FRITZ:  Can I get -- excuse me, can I get
19  a representation that Inga Kozel will actually show up?
20  I have my co-counsel scheduled to fly in from Florida.
21  We have the shell game going on as to who counsel is.
22  Can someone represent she will show up on July 12th as
23  ordered?  Can anyone make that representation here?
24              MR. CINQUE:  I can't make -- I don't control
25  where she is or how she is feeling.
26              MR. KAPLAN:  Again, your Honor, she has not

*Claudette Gumbs*

1                      Proceedings

2      contacted us for nearly a month now.

3              MR. CINQUE:   Your Honor, with respect to

4      the --

5              THE COURT:   If she fails to appear on

6      July 12th she will suffer the consequences.

7              MR. CINQUE:   If I can have more time than

8      ten days?  I don't think I can realistically -- there

9      is like 20 motions in this case.

10             MR. FRITZ:  This is just to gather the

11     documents in response to my subpoena.   She has had it

12     for seven weeks.

13             MR. CINQUE:   I will need time, your Honor.

14     I am told that they -- I need time.

15             THE COURT:   But you had time.   She has had

16     time.

17             MR. CINQUE:   A reasonable period of time

18     please, your Honor.

19             MR. FRITZ:  Your Honor she has had seven

20     weeks.   Let her actually do some work in this case.

21             THE COURT:   The deposition is scheduled to

22     take place July 12th.   This was stipulated to months

23     ago for her convenience, and adjourned for about three

24     months.

25             MR. CINQUE:   What about the Friday before

26     the 12th?

*Claudette Gumbs*

1              Proceedings

2              THE COURT:   Excuse me.

3              MR. CINQUE:  Friday before the 12th?

4              THE COURT:   That is July 8th.   That is ten

5     days from now.

6              MR. CINQUE:  It is.  Okay.

7              THE COURT:   Right.

8              Anything else this morning?

9              MR. FRITZ:  Your Honor, I believe that is it.

10             THE COURT:   All right.   Thank you.

11             MR. CINQUE:  Thank you, your Honor.

12             MR. KAPLAN:  Thank you, your Honor.

13             MR. CINQUE:  Your Honor, may I hand up for

14    the Court file the originals to put in -- my

15    opposition, the originals --

16             THE COURT:   I don't need them.

17             MR. CINQUE:  No?

18             MR. FRITZ:  Your Honor, do you have an idea

19    of what the nature of the contempt will be?

20             THE COURT:   The nature of the contempt will

21    be this:  She will be fined for every day that she

22    fails to comply with my order and obviously until she

23    fails to show up for the deposition, she won't have

24    failed to comply with that aspect of it, but then she

25    will be fined and subject to imprisonment if she fails

26    to appear.

*Claudette Gumbs*

|   |   |
|---|---|
| 1 | Proceedings |
| 2 | MR. FRITZ:  Is there an amount? |
| 3 | THE COURT:  $250 a day. |
| 4 | MR. FRITZ:  Okay.  Thank you, your Honor. |
| 5 | MR. CINQUE:  That starts -- |
| 6 | THE COURT:  That starts now.  That starts |
| 7 | tomorrow. |
| 8 | MR. CINQUE:  Your Honor, she gave -- you |
| 9 | gave until July 8th to respond. |
| 10 | THE COURT:  That is to the 2016 subpoena. |
| 11 | MR. CINQUE:  Yes. |
| 12 | MR. FRITZ:  Thank you, your Honor. |
| 13 | *          *          * |
| 14 | Certified that the foregoing is a true and accurate transcript of the original stenographic |
| 15 | minutes of this case. |
| 16 | ------------------------ |
| 17 | Claudette Gumbs<br>Senior Court Reporter |
| 18 |  |
| 19 |  |
| 20 |  |
| 21 |  |
| 22 |  |
| 23 |  |
| 24 |  |
| 25 |  |
| 26 |  |

*Claudette Gumbs*