UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: THE FORMER MARRIAGE OF:

ASHLEY KOZEL,   CASE NO.: 8:16-cv-01384-CEH-TGW

    Petitioner/Former Wife,

and

TODD KOZEL,

    Respondent/Former Husband

and

INGA KOZEL, THE GOKANA TRUST,
3601 SETAI LLC, And 212 WEST 18 LLC,

    Impleader Defendants.

_____/

**ASHLEY KOZEL'S OPPOSITION TO INGA KOZEL'S MOTION FOR LEAVE TO FILE REPLY TO ASHLEY KOZEL'S OPPOSITION TO INGA KOZEL'S MOTION FOR LEAVE TO AMEND JUNE 1, 2016 NOTICE OF REMOVAL**

Ashley Kozel (the "former wife") hereby opposes Inga Kozel's ("Inga") motion for leave to file a reply. (DE 41.) Leave should be denied for the following reasons:

1. Local Rule 3.01(d) is based upon the notion that a party (such as Inga) should make all of the arguments necessary to support her claims for relief in her initial motion/memorandum and, in addition, she should anticipate and respond to the opposing parties' defenses. Through this practice, reply briefs are deemed unnecessary in the Middle District, resulting in a faster and more efficient motion procedure.

2. Before Inga filed her cursory 3-page motion to retroactively amend her June 1, 2015 notice of removal (DE 35), the former wife filed a detailed motion to remand on June

1

15, 2016 that laid out the procedure for seeking amendment, the factors that go into it, and why it was prejudicial that Inga failed to address those factors (when she filed an amended notice of removal without leave of court). (DE 24.) Most litigants are not given advance notice of all of the issues that they need to address in a motion, but, here, Inga was. Despite this fact, Inga **again** decided to sidestep her burden of setting forth a factual and legal basis for "retroactive" leave to amend in her 3-page motion. The former wife's opposition (DE 38), in contrast, addressed all of the issues identified in the June 15, 2016 motion as critical to the court's consideration of a motion for leave to amend a defective notice of removal, including the issue of whether leave to amend would be "futile." It should have been no surprise to Inga that the opposition was 20-pages because, every other time the former wife addressed all of the defects in Inga's removal, it took approximately 20 pages to do so.

      3.      Inga likely anticipated the above argument and, thus, makes a secondary argument that the former wife's opposition contains "new facts" in the "additional background" section. The point of the additional background material, however, was to update this Court on what Inga has done in the state court action during the delayed briefing schedule and to show that delay is prejudicial to the former wife (and to respond to Inga's cursory argument of "no prejudice"). Inga could have anticipated this when she addressed "prejudice" in her motion, but she chose not to. In any event, the Court does not need more briefing on why all the briefing is resulting in prejudicial delay.

      4.      What's worse is that, by filing a motion for leave to file a reply, Inga is exacerbating the prejudicial delay that she already caused. From the moment she invoked this Court's jurisdiction, Inga made choices over and over again that unnecessarily extended

and expanded the briefing on the remand issues (i.e., first, she filed a defective notice of removal, second, she filed a unilateral amendment of her notice of removal without seeking leave of court, third, she filed a motion for leave to retroactively obtain leave of court, and fourth, she filed an opposition memorandum that, by reference, attempted to amend the amended notice of removal.)  It is now two months after the notice of removal was filed and Inga wants to keep briefing the issues.  At this stage, Inga has had four bites at the apple and does not need a fifth.  Accordingly, it is respectfully requested that her motion be denied.

Dated July 28, 2016

Respectfully submitted,

By: /s/ Zachary R. Potter
Zachary R. Potter
Florida Bar No. 064430
Trial Counsel
**FISHER, BENDECK & POTTER, P.L.**
501 So. Flagler Drive, Suite 450
West Palm Beach, Florida 33401
Telephone:  (561) 832-1005
Facsimile:  (561) 820-9375
eservice@fisherbendeck.com
*Attorneys for Ashley Kozel*

and

**HILL WARD HENDERSON**
Dennis P. Waggoner, Esq.
Florida Bar No. 509426
dwaggoner@hwhlaw.com
3700 Bank of America Plaza
101 E. Kennedy Boulevard
Tampa, Florida 33602
Telephone:  (813) 221-3900
Facsimile:  (813) 221-2900
*Attorneys for Ashley Kozel*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of July, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and that same is being served this day on all counsel of record identified on the service list below via transmission of Notice of Electronic Filing generated by CM/ECF.

## SERVICE LIST

**Gregory W. Kehoe, Esq.**
kehoeg@gtlaw.com
Greenberg Traurig LLP
Attorneys for Inga Kozel
101 East Kennedy Blvd., Suite 1900
Tampa, FL 33602

**Jason Giller, Esq.**
Jason@gillerpa.com
Jason B. Giller, P.A.
Co-Counsel for Inga Kozel
701 Brickell Ave., Suite 2450
Miami, FL 33131

**Andrew C. Hall, Esq.**
pleadings@hlhlawfirm.com
Hall Lamb Hall, P.A.
Attorneys for The Gokana Trust and 3601 Setai LLC
2665 South Bayshore Drive, PH 1
Miami, FL 33133-5452

**Fred A. Schwartz, Esq.**
schwartz@kolawyers.com
Kopelowitz, Ostrow, et al.
Attorneys for 212 West 18 LLC
200 E. Palmetto Park Road, Suite 103
Boca Raton, FL 33432

                              By: /s/ Zachary R. Potter
                                 Zachary R. Potter
                                 Florida Bar No. 064430