UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY KOZEL,

       Plaintiff,

v.                                   Case No: 8:16-cv-1384-T-36TGW

INGA KOZEL, 212 WEST 18 LLC,
3601 SETAI LLC and GOKANA
TRUST,

       Impleader Defendants.

_____/

## **O R D E R**

This cause comes before the Court upon the Plaintiff's Motion to Remand to State Divorce Court (Doc. 13) ("Motion to Remand"), filed on June 8, 2016, Impleader Defendant Inga Kozel's Amended Notice of Removal (Doc. 22), Plaintiff's Motion to Remand to State Divorce Court Directed to the "Amended Notice of Removal" and Incorporated Memorandum of Law ("Second Motion to Remand") (Doc. 24), Defendant Inga Kozel's Motion for Leave to Amend June 1, 2016 Notice of Removal (Doc. 35) and Plaintiff's Opposition to Inga Kozel's Motion for Leave to Amend June 1, 2016 Notice of Removal (Doc. 38).

In the motions to remand, Plaintiff argues the following: (1) Defendant's notices of removal are procedurally deficient and otherwise insufficient to establish jurisdiction; (2) the Court should abstain from hearing the case because the

supplementary proceeding is not removable, and comity and judicial economy favor remand; (3) the removal is untimely; (4) Defendant waived her right to remove by actively participating in the state court proceedings.  Plaintiff further argues that the Court should prohibit further amendment to the Notice of Removal and grant her attorney's fees.  The Court, having reviewed the pleadings and otherwise being fully advised of the premises, grants leave to the Defendant to amend her June 1, 2016 Notice of Removal. However, the Court concludes that remand to state court is appropriate in this case on the following grounds: untimeliness, waiver, and insufficient allegations regarding the citizenship of the parties.

## I.    Background

Plaintiff Ashley Kozel received a final judgment in the amount of $34 million dollars from her former husband, Todd Kozel, whom she divorced in 2012 in the case styled *Kozel v. Kozel,* Case No. 10-8976, in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida ("State Court Action").  Plaintiff accused her former husband of hiding various assets by transferring money to his current wife, Inga Kozel, (the "Defendant"), and to various entities, including 212 West 18, LLC, 3601 Setai, LLC, and the Gokana Trust.

On or about November 24, 2015, Plaintiff filed a Motion for Proceedings Supplementary and/or to Implead Third Parties and for Other Relief ("Motion for Proceedings") pursuant to Florida Statutes §56.29 in the State Court Action. Doc.

13, Ex. 4. On January 13, 2016, Plaintiff filed an Amended Motion for Proceedings Supplementary and/or to Implead Third Parties and for Other Relief ("Amended Motion for Proceedings") alleging that her former husband made fraudulent transfers to the Defendant. *Id.*, Ex. 5. Plaintiff alleged in both motions that Defendant was assisting Todd Kozel in defrauding her as a judgment creditor and received "[r]eal property in Lithuania worth millions of dollars; $1.5 million in jewelry from Graff's in New York; over $1 million in jewelry and personal effects from other vendors; [and cash] in excess of $1 million…." *Id.*, Ex. 4, 5. Plaintiff further demanded in both motions that "[a]ll transfers to Defendant should be set aside as void *ab initio* and/or a money judgment should be entered against her…" along with "further injunctive relief and/or the appointment of a receiver." *Id.* The state court entered an order on the motions ("Order of Impleader") on January 15, 2016. *Id.*, Ex. 6. The Order of Impleader made Defendant a party to the State Court Action as an impleader defendant, "subject to any lawful defenses [she] may raise by way of motion or responsive pleading…." *Id.* It further stated that "[f]ollowing the service of the order and motion to implead, the impleader defendants shall have twenty (20) days to respond to the allegations in the former wife's motion to implead[.]." *Id.*

On February 8, 2016, Plaintiff served Defendant with the Order of Impleader, along with its accompanying motions by mail in London pursuant to the Hague Convention. *See id.*, Ex. 7. On February 16, 2016, Defendant filed a motion to quash

service, *id.*, Ex. 8, which was set for hearing on March 30, 2016. *See id.*, Ex. 9. On March 14, 2016, she filed a motion to strike. *Id.*, Ex. 30. On March 23, 2016, Defendant was personally served in New York. *See id.*, Ex. 10. On the same day, Plaintiff responded to the motion to quash and filed a cross motion for contempt alleging in part that the former husband transferred over $1 million dollars to Defendant. *Id.*, Ex. 19. The state court entered the parties' stipulated order denying the motion to quash, and reserved jurisdiction regarding sanctions. *Id.*, Ex. 13.  On April 12, 2016, Defendant filed a motion to dismiss for lack of personal jurisdiction. *Id.*, Ex. 15. On April 26, 2016, she filed requests for admissions, and the next day a motion for a case management order. *Id.*, Ex. 16, 17.

On April 27, 2016, Plaintiff filed a motion to compel Defendant's deposition that requested sanctions against Defendant, noting that the Defendant received over $1 million in fraudulently transferred cash. *Id.*, Ex. 18. On May 3, 2016, the Plaintiff filed a motion for contempt against Defendant. *Id.*, Ex. 19. Shortly thereafter, Defendant retained new counsel, and on June 1, 2016 she removed the supplementary proceeding of the State Court Action to federal court.

## II.    Legal Standard

Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). "A

removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co*., 269 F.3d 1316, 1319–20 (11th Cir. 2001)). In assessing whether removal was proper, the district court considers "only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents [, and] if that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery v. Ala. Power Co*., 483 F.3d 1184, 1213-15 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080, 128 S.Ct. 2877, 171 L.Ed.2d 812 (2008).

Where the alleged basis for federal jurisdiction is diversity under § 1332, as it is in this case, the removing defendant has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute that the amount in controversy exceeds $75,000. Rather, the issue is whether Defendant has established that complete diversity of citizenship exists.

## III.   Discussion

### a.  Amendment to Notice of Removal

At the outset, the Court addresses Defendant's amendments to her Notice of Removal. "Defective allegations of jurisdiction may be amended, upon terms, in the

trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd–Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n. 1 (11th Cir. 1984). *See also Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.,* 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653."); *Cruz v. Lowe's Home Centers, Inc*., No. 809-CV-1030-T-30MAP, 2009 WL 2180489, at *3 (M.D. Fla. July 21, 2009) ("The Court agrees that *Lowery* permits Defendant to amend its otherwise defective Notice of Removal upon receipt of Plaintiff's Motion to Remand.").

Although Defendant did not seek leave of court prior to filing her Amended Notice of Removal in response to Plaintiff's Motion to Remand, she has since filed a Motion for Leave to Amend, and Plaintiff responded with a Second Motion to Remand and opposition to the motion to amend. Given the case law permitting amendment to notices of removal and the Court's ultimate holding that Defendant has not established that this court has subject matter jurisdiction, the Plaintiff will suffer no prejudice. Therefore, the Court grants Defendant's Motion for Leave to Amend the June 1, 2016 Notice of Removal, and will consider it accordingly in its analysis.

### b.  Supplementary Proceedings under §56.29, Fla. Stat.

Generally, the Eleventh Circuit has held that a judgment creditor's supplementary proceeding in Florida state court to void a judgment debtor's allegedly fraudulent conveyances to transferees is a "civil action" (as described in 28 U.S.C. § 1441(a)) subject to removal to federal district court. *Jackson-Platts v. Gen. Elec. Capital Corp*., 727 F.3d 1127 (11th Cir. 2013). In *Jackson-Platts* the court reasoned that the supplementary proceeding in that case sought to impose liability against new parties that had never been sued in the underlying action and based liability on a new substantive legal theory of fraudulent conveyance. *Id*. at 1134-1135. *But see Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 788 (11th Cir. 2015) (clarifying *Jackson-Platts* by stating that not all supplementary proceedings are new actions imposing new liabilities on third parties, since that case involved recovering one asset transferred to a third party as opposed to seeking the entire judgment against new parties.) The Court concludes that this case is similar to *Jackson-Platts*. All of the parties are new to the action and the Plaintiff is seeking to enforce the entire judgment against them based on alleged fraudulent transfers.

Plaintiff also makes various arguments regarding judicial economy, comity, and abstention that the Court need not address at this time. The Court notes that this case appears particularly contentious, and Defendant removed the case just prior to a ruling on several pending motions. However, given the insufficient allegations

regarding citizenship of the parties, the Court sees no need to discuss those arguments at this time.

### c. Timeliness

Under § 1441(a), a defendant may remove to federal district court any civil action brought in state court that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The defendant has 30 days to file a notice of removal after it receives or is served with the initial pleading. 28 U.S.C. § 1446(b)(2)(B). A defendant's time to remove is triggered by service of the summons and complaint, or receipt of the complaint through service or otherwise, and not by receipt of the complaint "unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347–48, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999). Further, if the case as stated in the initial pleading is not removable, a defendant may file a notice of removal within "30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3).

For purposes of supplementary proceedings pursuant to § 56.29, the document that impleads the third party into the case and requires that party to answer the claims of the judgment creditor is the "initial pleading." *See Jackson-Platts*, 727 F.3d at 1130 (noting that the defendant timely removed the action when defendant's Notice

of Removal was filed on December 30, 2010, and Defendant alleged in the Notice of Removal that it was filed "within thirty days of receipt by GECC of the Motion to Implead and the Order.") [1] In cases involving writs of garnishment, which like a supplementary proceeding seeks recovery of funds from a third party to satisfy the judgment in the underlying action, courts have found that the writ of garnishment was the "initial pleading" because it set forth the claim of relief upon which the action is based and triggers liability. *See, e.g., Hamptons at Metrowest Condo. Ass'n, Inc. v. Nationwide Prop. & Cas. Ins. Co.*, No. 6:15-CV-753-ORL-22, 2015 WL 5021684, at *3 (M.D. Fla. Aug. 24, 2015).

Plaintiff argues that Defendant's removal is untimely because it occurred more than thirty days after she was served with the Order of Impleader and its accompanying motions. Defendant was initially served by mail with the Order of Impleader and the accompanying motions. She responded with a motion to quash service. Defendant was then personally served with the same documents on March 23, 2016. Defendant argues that the Order of Impleader and accompanying motions did not trigger removal because she could not yet ascertain whether the claim satisfied the jurisdictional threshold required for removal. Instead, Defendant argues

---

[1] The facts pertaining to the removal period in *Jackson-Platts* are set forth in the underlying opinion and court docket. *See Jackson-Platts v. Trans Health Mgmt., Inc.,* No. 8:10-CV-2937-T-33TGW, 2011 WL 1985796 (M.D. Fla. May 23, 2011), *on reconsideration, sub nom. Jackson-Platts v. Trans Health Mgmt., Inc.,* No. 8:10-CV-2937-T-33TGW, 2011 WL 4345315 (M.D. Fla. Sept. 16, 2011, *Jackson-Platts v. Trans Health Mgmt., Inc.*, No. 8:10-CV-2937-T-33TGW Doc. 1.

she is entitled to removal under § 1446(b)(3). She relies on the May 3, 2016 Motion for Contempt as the "other paper" which alerted her of her ability to remove.  The Court disagrees.

The Order of Impleader and accompanying motions clearly put the amount in controversy in the millions, far exceeding the jurisdictional threshold. The documents made it clear that Plaintiff sought, among other relief, a money judgment against Defendant for the fraudulent transfers. Further, the May 3, 2016 Motion for Contempt does not contain any additional information regarding amount in controversy or citizenship of the parties. *See id.*, Ex. 19. The Defendant argues that the motion "clarified" that Plaintiff sought monetary damages against Defendant and that "the value of the claim whether equitable or monetary was above the jurisdictional limit." Doc. 36. However, the motion for contempt merely reiterated Plaintiff's prior claims.

Therefore, the Court concludes that the original service on Defendant of the Order of Impleader and the accompanying motions on February 8, 2016, triggered the thirty day period for removal. *See DC Liquidators, LLC v. Warehouse Equip. Specialists, LLC*, 66 F. Supp. 3d 1138 (N.D. Ill. 2014) (in granting motion to remand, court held that the denial of defendants' motion to quash service prior to removal was binding on them in federal court). Even if the Court started the thirty day period

on March 23, 2016, when Defendant was personally served, it is clear that Defendant filed her initial Notice of Removal in an untimely manner.

### d. Waiver

Plaintiff argues that Defendant waived her right to remove by actively participating in the supplementary proceeding in state court. Defendant filed four motions in state court prior to removing to this court. This issue is "commonly referred to as litigating on the merits, [and it] effectively waives the defendant's right to remove a state court action to federal court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004). The Eleventh Circuit noted:

> A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court ... [w]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court....

*Yusefzadeh*, 365 F.3d at 1246 (quoting 14B Charles A. Wright, *et al.*, *Federal Practice & Procedure* § 3721 (4th ed. 2003)). The court's determination that a defendant waived its right to remove based on active participation is made on a case-by-case basis. *Id.*

Two factors that may guide the court's determination of whether a defendant has waived the right to remove a case to federal court are: "1) whether the actions

11

taken by the [d]efendants in the state court were for the purpose of preserving the status quo, or did they manifest an intent to litigate on the merits in state court and 2) whether the removal can be characterized as an appeal from an adverse judgment of the state court." *Fain v. Biltmore Sec., Inc.*, 166 F.R.D. 39, 40-41 (M.D. Ala. 1996).

In *Yusefzadeh*, the Eleventh Circuit reversed a district court's *sua sponte* remand, finding that the defendant's single act of filing a motion to dismiss in state court prior to removal did not result in a waiver of its right to remove to federal court. 365 F.3d at 1246–1247. The Court reasoned that it could not find that the defendant "took substantial offensive or defensive actions in state court" by filing a responsive brief in state court and then seeking removal to federal court where the defendant "did not schedule a hearing on [its] motions to dismiss prior to seeking removal and the state court had not ruled on [the] motions to dismiss prior to [defendant] removing the case." *Id*. at 1247. Under those circumstances, the Eleventh Circuit found that a defendant had not waived its right to remove the action to federal court. *Id*.

In this case, Defendant waited to file her Notice of Removal in this Court until after she filed a motion to quash service, set it for hearing, and received an order denying the motion, which reserved jurisdiction to decide whether to impose

sanctions against her. Further, she served discovery, and filed a motion for a case management order and a motion to strike.

Additionally, the state court entered an order on May 9, 2016, which was adverse to Todd Kozel and Defendant. The state court stated, among other things, that the "evidence established that there have been concentrated efforts by [Todd Kozel] and his business attorneys to weave a sophisticated international scheme to hide his assets." Doc. 13, Ex. 20. It further stated "that the evidence is clear that [Todd Kozel] is not broke, that the [financial] affidavit contained material omissions and/or misrepresentation[;]" and as to Defendant that "[Todd Kozel] and his Florida and Swiss attorneys [] manufactured a falsified lease for the New York apartment for Inga Kozel to sign in October of 2015 after copies of leases were requested in discovery." *Id*.

Defendant argues that all of her litigation took place prior to the case becoming removable, and therefore none of it could act as a waiver. She further argues that challenging personal and subject matter jurisdiction in state court does not act as a waiver; and her actions to defend herself "are not antithetical to federal-state court comity." Doc. 36. As the Court already noted, the case became removable upon service of the Order of Impleader on February 8, 2016. Therefore, the Defendant engaged in substantial litigation prior to removal.

Defendant's motion to dismiss and motion to quash, on their own may not have constituted waiver, particularly if they were time sensitive. *See Phillips v. Manufacturers Trust Co*., 101 F.2d 723 (9th Cir. 1939) (Defendant corporation did not waive right to removal of cause from court of state, of which it was not resident, to federal court, by filing motion in state court to quash service of summons on it.) But removal does not waive any defenses. *See Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M. 2005) ("Moreover, removing an action from state to federal court does not waive a defendant's defense of lack of process or lack of service of process"). Therefore, a removing defendant need not necessarily litigate several issues in the state court prior to removal to retain its defenses.

The Court concludes that the amount of litigation conducted by Defendant after being served with the Order of Impleader and accompanying motions, combined with the adverse ruling on her motion to quash, and the statements made by the state court in its May 9, 2016 Order regarding her participation in fraudulent transfers and manufacturing of evidence are sufficient to show that she "test[ed] the waters in state court and, finding the temperature not to [her] liking, beat a swift retreat to federal court." *See Daniels v. Am. Serv. Grp., Inc*., No. 805CV1392T30TBM, 2005 WL 2614667, at *2 (M.D. Fla. Oct. 14, 2005) (quoting *Estate of Krasnow v. Texaco, Inc*., 773 F. Supp. 806 (E.D. Va. 1991)). *See also Bank of New York Mellon v. United States*, No. 615CV1507ORL37GJK, 2016 WL

14

3000889, at *3 n.2 (M.D. Fla. May 25, 2016) ("…jurisdictional forum selection gamesmanship is unwelcome."). Therefore, the Court concludes that Defendant's litigation in state court is sufficient to constitute a waiver by participation.

### e. Diversity of Citizenship and Amount in Controversy

The parties do not dispute the amount in controversy. However, Plaintiff argues that the citizenships of the Defendants are unclear, and therefore fail to meet the threshold showing for removal. The Court agrees.

It is undisputed that Plaintiff is a citizen of Florida. Defendant asserts the following in the Amended Notice of Removal regarding citizenship of the Defendants:[2]

> b. Citizenship of Implead Defendant Inga Kozel.  Impleader Defendant Inga Kozel is not a citizen of the State of Florida, and at all relevant times has been, a citizen of the Republic of Lithuania.

> c. Citizenship of Implead Defendant The Gokana Trust ("Gokana").  Gokana is not a citizen of Florida.  Gokana is a trust settled under the laws of the Island of Jersey, administered by Emeralp Trust Limited, the Original Trustee, a limited company organized under the laws of Ireland, doing business at 21 Priory Hall, Stillorgan, Co Dublin, Ireland.

> d. Citizenship of Implead Defendant 3601 Setai LLC ("Setai").  Setai is not a citizen of Florida.   Although Setai is a Florida limited liability company, the citizenship of Setai is based upon the citizenship of its members.   The sole member of Setai is Deepdene Ltd., which is a

---

[2] Plaintiff argues that the former husband is a party to the supplementary proceedings and therefore his citizenship is at issue. The Court disagrees. *See Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d at 1134-1135 (discussing removable supplementary proceedings as suits involving new parties under a new theory of liability).

foreign corporation incorporated under the laws of St. Vincent and the Grenadines.

e. Citizenship of Implead Defendant 212 West 18 LLC ("212 West"). 212 West is not a citizen of Florida. 212 West is a New York limited liability company, whose sole member is Capella Investments, Inc., a Belize corporation. Capella Investments, Inc. is owned by Cristos Georgiou, a citizen of Cypress.

Doc. 22.

Plaintiff argues that all of the allegations do not meet the so-called "double designation" requirement which requires the removing defendant to assert the defendants' citizenship at the time of the initial filing of the action and at the time of removal. Further, Plaintiff argues that Defendant did not state her domicile, and the trust and limited liability companies provide insufficient information regarding their membership, and principal places of business.

For Defendant to assert diversity regarding the three entity defendants, she must have identified whether the entity is incorporated or unincorporated. If it is to be treated as a corporation, she must allege "every State and foreign state by which it has been incorporated and [ ]the State or foreign state where it has its principal place of business ..." § 1332(c)(1). If the entity is to be treated as an unincorporated entity, she had to allege the citizenships of each of its members. *See Rolling Greens XHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020 (11th Cir. 2004) (holding that like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen). However, a court should not

"assume[ ] that [a foreign state] has business entities that enjoy corporate status as the United States understands it[,]" as "not even the United Kingdom has a business form that is exactly equal to that of a corporation." *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.,* 647 F.3d 684, 686 (7th Cir. 2011).

To the extent that Defendant asserts that the Defendants are "not citizens of Florida," and that the alleged citizenships existed at "all relevant times," these allegations are insufficient. A defendant must distinctly and affirmatively allege citizenship. *See Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980). *See also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) (quoting *Cameron v. Hodges*, 127 U.S. 322, 324–25, 8 S.Ct. 1154, 32 L.Ed. 132 (1888)) (explaining that an allegation that a party is "not" a citizen of a particular state is not sufficient to establish diversity jurisdiction); *Tomasini v. Stryker Corp. of Michigan,* No. 09-60  344-CIV, 2009 WL 595932, at *1 (S.D. Fla. Mar. 6, 2009) ("[T]he facts showing the existence of jurisdiction must be affirmatively alleged.").

### i.  Inga Kozel

Defendant asserts that she is a citizen of Lithuania and not a permanent resident, but is present in the United States on a tourist visa. Therefore 28 U.S.C. 1332(a), which deems permanent resident aliens citizens of the state in which they are domiciled is inapplicable. She does not therefore appear to be a citizen of Florida.

### ii.  The Gokana Trust

Defendant lists the name of Gokana Trust's sole trustee which is insufficient to establish diversity. The Eleventh Circuit recently held that a trustee constitutes the real party in interest and can "sue in [its] own right, without regard to the citizenship of the trust beneficiaries." *Wells Fargo Bank, N.A. v. Mitchell's Park, LLC,* 615 F. App'x 561, 563 (11th Cir. 2015)(citing *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 1783–84, 64 L.Ed.2d 425 (1980) ("a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others.")). However, the "mere designation of an entity as a trust rather than an unincorporated association is not controlling for purposes of determining diversity of citizenship." *Bearse v. Main St. Investments*, 220 F. Supp. 2d 1338, 1344 (M.D. Fla. 2002) (citing *Xaros v. U.S. Fidelity and Guaranty Company*, 820 F.2d 1176, 1181 (11th Cir. 1987)). *See also Americold Realty Trust v. Conagra Foods, Inc*., 136 S. Ct. 1012, 1016, 194 L. Ed. 2d 71 (2016) (concluding that for purposes of diversity jurisdiction, real estate investment trust's members determined its citizenship and its members included its shareholders).

In *Wells Fargo Bank* and *Navarro*, the trustee was the Plaintiff bringing the action, and the court had to decide whether the trustee was the real party in interest that could bring the claim on behalf of the trust. In contrast, when cases involved

trusts as removing defendants, the Eleventh Circuit has held that the trust's citizenship was determined by the citizenship of all of its members. *See e.g. Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990); *Riley v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 292 F.3d 1334, 1339 (11th Cir. 2002), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 89 (2006) (noting that "the citizenship of trust fund members is determinative of the existence of diversity of citizenship" and treating a business trust "as a citizen of each state in which one of its shareholders is a citizen") (internal quotations and citations omitted). *See also Fuzzell v. DRC Emergency Servs., LLC*, No. 2:14-CV-2202-WMA, 2015 WL 412889, at *4 (N.D. Ala. Jan. 30, 2015) (holding that merely naming the trustees for diversity purposes is insufficient); *First Mut. Grp., LP v. Melton*, No. 6:14-CV-1758-ORL-41, 2015 WL 892369, at *4 (M.D. Fla. Mar. 2, 2015) (reviewing *Carden*, *Navarro*, and *Riley* and noting that the requirement to name all of the beneficiaries of the trust has a narrow exception: where the trustee is a plaintiff, bringing the action as the real party in interest.)

The Supreme Court recently noted that the "confusion regarding the citizenship of a trust is understandable and widely shared[,]" and clarified that the *Navarro* rule coexists with the rule that "when an artificial entity is sued in its name, it takes the citizenship of each of its members." *Americold Realty Trust*, 136 S. Ct. at 1016.

To the extent that identifying the trustee's citizenship is sufficient, in this case it is a "limited company." As an unincorporated entity, Defendant must have listed all of its members, and the citizenship of those members, which she failed to do. Therefore, the Court concludes that Defendant has not sufficiently alleged Gokana Trust's citizenship.[3] *See Azzo v. Jetro Rest. Depot, LLC*, 2011 WL 1357557, at *2 n. 2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's citizenship must [also] be properly alleged, be it an individual, corporation, LLC, or other entity").

### iii.  3601 Setai, LLC and 212 West, LLC

As for 3601 Setai, LLC and 212 West, LLC, Defendant does not list their principal places of business. Additionally, the citizenship remains unclear since the members of these limited liability companies are foreign corporate entities.  The Court has no information to determine whether these foreign entities should be treated as a limited liability company or a corporation. *See Keshock v. Metabowerke GMBH*, No. CIV.A. 15-00345-N, 2015 WL 4458858, at *4 (S.D. Ala. July 21, 2015) (requiring amendment to notice of removal to clarify foreign entity's status as corporation or otherwise to determine standard for proper diversity determination).

---

[3] To the extent that Defendant argues that a business trust is subject to different rules than other kinds of trusts for diversity purposes, the Court is not persuaded that Defendant has demonstrated sufficient cause to distinguish them in this case. *See Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F. 3d 192, 202 n. 14 (3rd Cir. 2007) (expressing "unwillingness to distinguish between business trusts and express trusts for citizenship purposes.").

Therefore, the Defendant has not met her burden to establish diversity of citizenship of all of the parties, and this case is due to be remanded.

## IV.    No Further Amendment Permitted

Untimeliness is a defect that the Defendant cannot cure with amendment. *See William v. Litton Loan Servicing, LP*, 2:10-cv-951-WKW, 2011 WL 521624, at *7 (M.D. Fla. Feb. 15, 2011). Further, the Court considered the merits of Defendant's Amended Notice of Removal and it did not cure the defects in the original. Thus, remand is required. *See Trutie v. Republic Nat. Distrib. Co., LLC*, 718 F. Supp. 2d 1350, 1350 (S.D. Fla. 2010) (noting that remand was required after defendants' amended notice of removal was insufficient to establish the court's jurisdiction).

## V.    Attorney's Fees

"Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Given the status of case law in the Eleventh Circuit dealing with removal of supplementary proceedings, and the apparent confusion regarding the citizenship of trusts for diversity purposes as recognized by the U.S. Supreme Court, the Court cannot conclude that the Defendant lacked an objectively reasonable basis for seeking removal. Thus, the Court denies Plaintiff's request for attorney's fees and costs.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Remand to State Divorce Court (Doc. 13) and Motion to Remand to State Divorce Court Directed to the "Amended Notice of Removal" and Incorporated Memorandum of Law (Doc. 24) are **GRANTED in part**.

2. Implead Defendant's Motion for Leave to Amend June 1, 2016 Notice of Removal (Doc. 35) is **GRANTED**.

3. This case is remanded to the Twelfth Judicial Circuit in and for Sarasota County, Florida.

4. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida.

5. The Clerk is further directed to terminate all pending motions and deadlines and CLOSE this case.

**DONE AND ORDERED** in Tampa, Florida on August 4, 2016.

Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD AND PARTIES
Clerk of Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida